593 So.2d 609 (1992)
Richard Anthony MEYERS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1530.
District Court of Appeal of Florida, Fifth District.
February 14, 1992.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Appellant, a juvenile, was prosecuted as an adult and convicted of conspiracy to commit aggravated battery evidencing prejudice, simple battery evidencing prejudice, and attempted second degree murder. The trial court sentenced appellant to guideline sentences totaling ten years incarceration followed by five years probation, but failed to provide any written reasons for imposing adult sanctions.
Appellant contends that the trial court violated his sentencing rights as a juvenile by failing to consider the statutory criteria in section 39.059(7), Florida Statutes (1991). We agree.
When juveniles are prosecuted as adults, the suitability or nonsuitability of adult sanctions must be determined by the court at sentencing. Section 39.059(7)(c) lists six criteria for consideration. Section 39.059(7)(d) states that any decision to impose adult sanctions shall be in writing and in conformity with the criteria. The court must render a specific finding of fact and state the reasons for imposing adult sanctions. See Surrency v. State, 585 So.2d 464 (Fla. 5th DCA 1991); Taylor v. State, 573 So.2d 173 (Fla. 5th DCA 1991); Lang v. State, 566 So.2d 1354 (Fla. 5th DCA 1990).
Conviction AFFIRMED; sentences REVERSED and REMANDED for resentencing.
DAUKSCH and COWART, JJ., concur.