598 So.2d 203 (1992)
Jerry BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1067.
District Court of Appeal of Florida, Fourth District.
May 6, 1992.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michelle Smith, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The trial court erred in sentencing this appellant by failing to comply with section 39.059(7)(c), Florida Statutes (1991). Specifically, the trial court must address each of the statutory criteria in a written order. See Riley v. State, 588 So.2d 1035 (Fla. 4th DCA 1991); Kohler v. State, 588 So.2d 689 (Fla. 4th DCA 1991); Flowers v. State, 546 So.2d 782 (Fla. 4th DCA 1989). We remand for resentencing in accordance with the statute.
We also note that the judgment indicates that appellant is being sentenced as a youthful offender in accordance with section 958.04, Florida Statutes (1989), yet his sentence far exceeds the maximum allowable under that statute. On remand, if after consideration of all of the criteria under section 39.059(7)(c) the trial court enters the same sentence, it should correct the judgment to delete what appears to be a clerical error that the defendant is sentenced as a youthful offender.
STONE, WARNER and POLEN, JJ., concur.