622 So.2d 584 (1993)
Marco A. SOLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02625.
District Court of Appeal of Florida, Second District.
August 6, 1993.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna Provonsha-Lentz, Tampa, for appellee.
PER CURIAM.
Appellant was sentenced upon violation of probation to two years community control with the special condition that he spend 364 days in the county jail. Upon release, appellant was to enter the probation and restitution center and stay there "until he doesn't need it anymore." Appellant contends that under Villery v. Florida Parole & Probation Comm'n, 396 So.2d 1107 (Fla. 1980), modified on other grounds sub nom., Van Tassel v. Coffman, 486 So.2d 528 (Fla. 1986), that he cannot be sentenced to more than 364 days incarceration as a condition of probation or community control. We agree.
Section 948.03(5), Florida Statutes (1991), which appears to have codified Villery, specifically states that incarceration as a condition of probation or community control may not exceed 364 days. Both the county jail and probation and restitution *585 centers are included in the definition of incarceration. We would also note under Horner v. State, 597 So.2d 920 (Fla. 2d DCA 1992), approved, Horner v. State, 617 So.2d 311 (Fla. 1993), that placement in a probation and restitution center as a condition of probation or community control cannot exceed 364 days. The trial court also erred when it sentenced appellant to remain "until he doesn't need it anymore."
Because of the date of the sentencing, appellant will now have served 364 days in the county jail. We therefore strike that portion of the sentence which requires appellant to spend time at the probation and restitution center. If he is currently incarcerated there he is to be immediately released.
Reversed and remanded for proceedings consistent herewith.
SCHOONOVER, A.C.J., and THREADGILL and BLUE, JJ., concur.