SHIVERS, Senior Judge.
Wendall Bryan Owens appeals the trial court’s order imposing adult sanctions in the absence of a written order addressing the statutory criteria as required by section 89.-059(7)(c) & (d), Florida Statutes. We reverse and remand for resentencing.
Wendall Owens, who was 17 years of age, pled no contest to burglary of a dwelling and grand theft. At the sentencing hearing, the court stated: “I do find that adult sanctions are appropriate and I think we have done absolutely everything that we can with Bryan in juvenile.” Appellant was then sentenced as an adult to 11 months and 15 days in jail, followed by 18 months probation. The record contains no written order on adult sanctions.
The State concedes that the trial court erred in failing to make the mandatory written findings and conclusions as required by section 39.059(7)(c)l.-6. & (d), Florida Statutes. Under State v. Rhoden, 448 So.2d 1013 (Fla.1984) and, more recently, Troutman v. State, 630 So.2d 528 (Fla.1993), a trial court is required to consider each of the statutory criteria found in section 39.059(7)(c). The court must address each of the criteria, must give an individualized evaluation of how a particular juvenile fits within the criteria, and must provide written findings and reasons with regard to each criteria at the time of the sentencing. Troutman.
Accordingly, we hereby reverse and remand this case to the trial court for resen-tencing in compliance with section 39.-059(7) (c) & (d) and Troutman. The trial court should enter a written order addressing all the criteria for adult sanctions.
MINER and ALLEN, JJ., concur.