636 So.2d 555 (1994)
Fletcher BERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02701.
District Court of Appeal of Florida, Second District.
May 6, 1994.
James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
LAZZARA, Judge.
This is an appeal by Anders[1] brief of Fletcher Berry's conviction and sentence for possession of cocaine. We affirm in part, reverse in part, remand for resentencing, and certify a question of great public importance.
Even though Berry was seventeen years of age at the time he committed this offense, the state elected to charge him as an adult by direct information. See § 39.047(4)(e)5, Fla. Stat. (1991). After his motion to suppress evidence was denied, Berry entered an open plea of nolo contendere, specifically reserving his right to appeal.
Prior to his plea, Berry executed a written waiver of his rights under section 39.059(7), Florida Statutes (1991). The form tracked the basic requirements of the statute and recited as follows:
I HEREBY STATE UNDER OATH that I have been advised by my attorney and the Court that as a Defendant who was a juvenile at the time of the offense(s) charged in this cause I have the following rights pursuant to Florida Statute 39.059:
1. To have the Court order and consider a Predisposition Report and a Presentence Investigation prior to the imposition of sentence.

*556 2. To have the opportunity to present to the Court prior to sentencing reasons why I should be treated as a juvenile rather than as an adult for sentencing purposes.
3. To have the Court determine prior to the imposition of sentence whether I am suitable for juvenile sanctions rather than adult sanctions.
Knowing these rights I hereby state under oath that I freely, voluntarily, knowingly and intelligently waive my right to be treated as a juvenile for sentencing purposes and elect to be treated by the Court as an adult at time of sentencing.
During the plea colloquy, the trial court did not advise Berry of his rights under the statute or of the consequences of a waiver of those rights. Nor did it question him about the significance of the waiver form, although his trial counsel represented that Berry had previously signed it in her presence and that of a guardian.
After accepting Berry's plea, the trial court sentenced him as an adult within the permitted range of the sentencing guidelines. Relying on the written waiver, the trial court did not follow the mandates of the statute. Specifically, it did not order and consider a predisposition report. § 39.059(7)(a). It did not conduct a hearing on the suitability or nonsuitability of imposing adult sanctions based on the relevant statutory criteria. § 39.059(70(b) and (c). And, it did not enter a written order delineating why adult sanctions, as opposed to juvenile sanctions, were appropriate. § 39.059(7)(d).
Berry was ordered to serve two years of community control followed by three years of probation.[2] As a special condition of community control, the trial court specified his residency at the county jail for a period of 364 days followed by a like number of days in the probation and restitution center.
Berry's appellate counsel identified only two possible issues for reversal: whether the trial court erred in denying the motion to suppress and whether the trial court's sentence was within the sentencing guidelines. The state agreed in its brief that neither issue warranted reversal.
In accordance with our obligation under State v. Causey, 503 So.2d 321, 322 (Fla. 1987), we "examine[d] the record to the extent necessary to discover any errors apparent on the face of the record." Based on this review, we directed counsel to submit supplemental briefs directed to the issues of whether the trial court satisfied the requirements of section 39.059(7) in sentencing Berry as an adult and whether the trial court's sentencing structure of consecutive specified residencies in the county jail and restitution center violated section 948.03(5), Florida Statutes (1991).
We conclude from our review of the briefs and the record that the trial court was correct in denying the motion to suppress but erred in the procedure it used in sentencing Berry as an adult and also in imposing consecutive specified residencies as special conditions of community control. We therefore reverse Berry's sentence and remand for resentencing.[3] We discuss these issues in inverse order.
We have held that under section 948.03(5) "[b]oth the county jail and probation and restitution centers are included in the definition of incarceration." Solis v. State, 622 So.2d 584, 584-585 (Fla. 2d DCA 1993). Since incarceration under this statute cannot exceed 364 days, the trial court's sentence of an additional 364 days in the restitution center was illegal. Based on the date of Berry's sentencing, he obviously has served his specified residency in the county jail. Accordingly, if Berry is still confined in the restitution *557 center, we direct that he be released immediately. Solis.
In State v. Rhoden, 448 So.2d 1013 (Fla. 1984), the supreme court construed the provisions of section 39.111(6), Florida Statutes (1981), the predecessor to section 39.059(7).[4] It determined that under the statutory scheme of juvenile justice, the legislature "grant[ed] to juveniles the right to be treated differently from adults." 448 So.2d at 1016 (emphasis in original). The court held that to protect this right, the legislature "emphatically mandated" that trial courts were required to evaluate the specific statutory criteria relating to suitability for adult sanctions and to enter written orders detailing the reasons for sentencing a juvenile as an adult. It ruled that a failure to follow this procedure required a remand for resentencing. 448 So.2d at 1016-1017. The court then concluded by stating that "[t]rial judges cannot avoid [the statutory] mandate absent an intelligent and knowing waiver of that right by a juvenile." 448 So.2d at 1017 (emphasis added). It noted the absence in the record of such a waiver by Rhoden.
The supreme court revisited section 39.111 in Sirmons v. State, 620 So.2d 1249 (Fla. 1993). It reaffirmed the principles of Rhoden and specifically held "that absent an intelligent and knowing waiver that is manifest on the record, a juvenile entering a negotiated plea agreement does not waive any rights under section 39.111." 620 So.2d at 1250 (emphasis added).[5] Although it noted one of the rights under the statute "is to have the court determine the suitability of imposing adult sanctions by considering the criteria listed in" the statute, the court also explained that "[t]his does not preclude a juvenile from negotiating a plea waiving that right" under certain circumstances. 620 So.2d at 1252. It then directed trial courts, before accepting a plea agreement from a juvenile, to insure that the juvenile is fully informed of the rights provided in the statute and that the juvenile "voluntarily, knowingly, and intelligently waives those rights." 620 So.2d at 1252 (emphasis added).
We conclude that Berry did not make an intelligent and knowing waiver of his rights under section 39.059(7). Even though the record contains a written waiver of rights form, Berry did not execute it in the presence of the trial court, and the trial court never questioned him about its significance. This procedure was insufficient to satisfy the dictates of Rhoden and Sirmons. Accordingly, we are compelled to reverse and remand for resentencing.
However, based on recent developments in this area of the law, we are not certain whether the trial court on remand has the authority to dispense with the statutory requirements pursuant to Rhoden and Sirmons, notwithstanding another attempt by Berry to do so. Therefore, based on the discussion that follows, we are of the opinion that we need to certify a question of great public importance relating to the continued viability of the waiver holdings of those cases.
Immediately following Sirmons, the supreme court in Troutman v. State, 630 So.2d 528 (Fla. 1993), again addressed the propriety of the procedure used by a trial court in sentencing a juvenile as an adult. The court framed the issues to be:
[W]hether a trial court must consider each of the statutory criteria required under sections 39.059(7)(c) and (d), Florida Statutes (1991), at the time of sentencing a juvenile as an adult, and, if so, whether the resultant findings at the time of sentencing must be contemporaneously reduced to writing.
630 So.2d at 530 (footnote omitted).[6]
Relying on the statute, the court noted that "[t]he Legislature has made clear in the *558 statute itself that adherence to the requirements of section 39.059 is not optional." 630 So.2d at 531 (emphasis added). It therefore held "that a trial court must consider each of the criteria of section 39.059(7)(c) before determining the suitability of adult sanctions." 630 So.2d at 531 (emphasis in original). Quoting from Rhoden, the court also held that if a trial court decides to impose adult sanctions, it must render a written decision at the time of sentencing that sets forth in non-conclusory language the specific findings of fact and the reasons supporting the decision to impose such sanctions. 630 So.2d at 531-532. Significantly, the court also cited Sirmons for the proposition that "[a] juvenile's right to this special treatment at sentencing continues even when the juvenile enters into a plea agreement authorizing the imposition of adult sanctions." 630 So.2d at 531.
Based on the quoted language, we are unsure whether the supreme court in Troutman meant to overrule Rhoden and Sirmons to the extent those cases specifically held that a juvenile can waive the legislatively mandated rights under the statute. Our uncertainty is heightened by two factors.
Justice Barkett, the author of Troutman, wrote a specially concurring opinion in Sirmons. She questioned "whether a judge can ever impose adult sanctions without complying with the statute" and "whether the mandatory findings required in the statute can ever be waived by a juvenile, notwithstanding a juvenile's attempt to do so." 620 So.2d at 1252 (Barkett, J., specially concurring) (emphasis added).
However, three months after Troutman, the supreme court approved, on the authority of Sirmons and Troutman, the decision and opinion in Veach v. State, 614 So.2d 680 (Fla. 1st DCA 1993). State v. Veach, 630 So.2d 1096 (Fla. 1994). In Veach, the First District cited to Rhoden and stated "[w]hile a juvenile can waive his right to findings under section 39.059(7)(c)(1-6) before being sentenced as an adult, Rhoden, that waiver must be knowing, intelligent and manifest on the record." 614 So.2d at 681 (emphasis added) (footnote omitted). The court found no such waiver by Veach.[7]
Our quandary is thus twofold. First, even though the court in Troutman relied in part on Rhoden and Sirmons to emphasize again the importance of the statutory sentencing rights conferred on juveniles by section 39.059(7), nevertheless, Troutman can be read as overruling the holdings of those cases as they relate to a waiver of such rights.[8]Compare Newsome v. State, 634 So.2d 251 (Fla. 2d DCA 1994) (cautioning trial court on remand that after Troutman "a negotiated plea in which a minor intelligently waives the right to sentencing as a juvenile may not be sufficient to eliminate" the requirements of the statute). But then, on the heels of Troutman, the court in Veach approved an opinion which cited to and restated the waiver holding of Rhoden.
Therefore, given our uncertainty of the continuing validity of the waiver holdings of Rhoden and Sirmons, in light of the most recent pronouncements in Troutman, and finding this issue to be one of great public importance, we certify the following question:
DOES TROUTMAN V. STATE, 630 So.2d 528 (FLA. 1993), OVERRULE THE HOLDINGS OF STATE V. RHODEN, 448 So.2d 1013 (FLA. 1984), AND SIRMONS *559 V. STATE, 620 So.2d 1249 (FLA. 1993), THAT A JUVENILE MAY WAIVE THE STATUTORILY MANDATED REQUIREMENTS OF SECTION 39.059(7), FLORIDA STATUTES (1991), SO LONG AS SUCH A WAIVER IS VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY MADE?
In certifying this question, we recognize that Berry entered an open and not a negotiated plea, and that under that circumstance, given the trial court's total sentencing discretion, it would seem that the trial court has no option but to follow the mandatory statutory requirements. However, we do not view this to be a significant distinguishing factor in terms of the waiver issue. In Rhoden, the trial court was also vested with total sentencing discretion based on Rhoden's jury conviction. Yet, even under that circumstance, the court clearly indicated that Rhoden could waive his rights under the statute, so long as the waiver was an "intelligent and knowing" one. 448 So.2d at 1017. See also Croskey v. State, 601 So.2d 1326, 1327 (Fla. 2d DCA 1992) (en banc) ("[O]ur supreme court also indicated [in Rhoden] that a juvenile may waive the right to have the statutory criteria considered and findings made by the trial court, but the waiver must be intelligently and knowingly made.")
In conclusion, pending a definitive answer from the supreme court on the waiver issue, we direct the trial court on remand to strictly comply with the mandates of section 39.059(7) as required by Troutman. See Newsome. If the trial court determines, based on "conditions existing at the time of the original sentencing" that adult sanctions are appropriate, it may once again sentence Berry as an adult. Troutman, 630 So.2d at 533 (footnote omitted).
Affirmed in part, reversed in part, and remanded for resentencing with directions. Question certified.
CAMPBELL, A.C.J., and PARKER, J., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] Berry advised the trial court that he preferred a sentence of straight prison time.
[3] We also note that the trial court erred by assessing discretionary costs for the drug education fund, the court improvement fund, and costs of prosecution without giving Berry notice and an opportunity to be heard and without citing the statutory authority for the assessment of such costs. Although we did not give the parties an opportunity to brief this issue, Causey, 503 So.2d at 323, given our reversal of Berry's sentence, we direct that on remand the trial court comply with the law recently expressed in Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994), if it again sentences Berry as an adult and if the state seeks reimposition of these costs.
[4] In 1990, the legislature repealed section 39.111 and enacted in its place section 39.059. Ch. 90-208, § 5, at 1094, 1143-1146, and § 17, at 1160-1161, Laws of Fla.
[5] The court noted the recent repeal of section 39.111 and the enactment of section 39.059 and stated "[a]lthough the facts of the instant case concern section 39.111, the rationale of this opinion also applies to section 39.059." 620 So.2d at 1250 n. 1.
[6] The court's basis for review was conflict jurisdiction under article V, section 3(b)(3) of the Florida Constitution. 630 So.2d at 530 n. 1. Although conflict was alleged in part with Rhoden, the decision reviewed did not involve the issue of waiver of rights under section 39.059(7). See Troutman v. State, 603 So.2d 608 (Fla. 1st DCA 1992). Moreover, none of the other decisions cited as the basis for conflict involved a waiver issue. See Bell v. State, 598 So.2d 203 (Fla. 4th DCA 1992); Meyers v. State, 593 So.2d 609 (Fla. 5th DCA 1992); Flowers v. State, 546 So.2d 782 (Fla. 4th DCA 1989).
[7] The First District declined to follow Preston v. State, 411 So.2d 297 (Fla. 3d DCA), review denied, 418 So.2d 1280 (Fla. 1982), the case upon which conflict jurisdiction was based. Preston held that the defendant implicitly waived his right to be sentenced as a youthful offender. However, the First District determined that since Preston, courts have held "that such implicit waivers are insufficient, and must rather be `knowing, intelligent and manifest on the record.'" 614 So.2d at 681 n. 1 (emphasis in original).
[8] See Garland v. City of West Palm Beach, 141 Fla. 244, 193 So. 297 (1940) (stating supreme court's test for determining if one case has the effect of overruling another).