ERVIN, Judge.
We affirm appellant’s first point regarding the granting of the state’s motion to set aside appellant’s plea of nolo contendere, conditioned upon a plea agreement. The state clearly showed that appellant, contrary to the terms of the agreement, failed to pass a polygraph test. Therefore, the state was not bound by the agreement. See Hoffman v. State, 474 So.2d 1178 (Fla.1985).
As to appellant’s second point regarding the imposition of adult sanctions, we conclude that the trial court failed to comply with the requirements of section 39.059(7)(c), Florida Statutes (1991), in that it neither addressed each of the six statutory factors, nor entered the written order required under section 39-059(7)(d), contemporaneously with the sentences. Because compliance with section 39.-059(7) is mandatory, we reverse and remand for resentencing. See Troutman v. State, 630 So.2d 528 (Fla.1993).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
JOANOS and KAHN, JJ., concur.