PER CURIAM.
Thaddeus Orlando Clayton appeals the imposition of adult sanctions in the absence of a written order addressing the statutory criteria as required by section 39.059(7)(c) & (d), Florida Statutes (1993). We reverse and remand for resentencing.
The appellant, who was a juvenile, pled no contest to attempted sexual battery. At the sentencing hearing, the trial judge stated: “Based on the recommendation from the Department of Health and Rehabilitative Services in conjunction with Chapter 39 and their recommendation that Mr. Clayton be sentenced as an adult and for the reasons therein, the court does hereby find that it’s in the best interest of the public and if (sic) any rehabilitative needs for the defendant to be sentenced as an adult.” The appellant was then sentenced as an adult to 30 months’ imprisonment. The record contains no written order on adult sanctions.
The state concedes that the trial judge erred in failing to make the mandatory written findings and conclusions as required by section 39.059(7)(d), Florida Statutes. Troutman v. State, 630 So.2d 528 (Fla.1993); Sirmons v. State, 620 So.2d 1249 (Fla.1993). Accordingly, we reverse and remand this ease to the trial court for resentencing in compliance with section 39.059(7)(c) & (d), Florida Statutes, and Troutman.
BARFIELD, ALLEN and WOLF, JJ., concur.