THREADGILL, Judge.
This is an appeal by Anders[1] brief of the appellant’s convictions and sentences for two counts of robbery with a firearm.[2] We affirm the convictions, but reverse and remand for resentencing.
The seventeen-year-old appellant was charged as an adult by direct information pursuant to section 39.047(4)(e)5., Florida Statutes (1991). He was convicted as charged by a jury and sentenced as an adult within the recommended guidelines range to two seven-year terms of imprisonment.
We find reversible error in the sentencing procedure. The trial court properly sentenced the appellant by reference to section 39.059, Florida Statutes (1991), governing the commitment of children prosecuted as adults. The court considered a predisposition report in accordance with subsection 39.059(7)(a), and noted the criteria for suitability for adult sanctions set forth in subsection 39.-059(7)(c)l. to 6. We nevertheless reverse on the ground that the findings were not adequate nor reduced to writing.
The trial court did not have the benefit of Troutman v. State, 630 So.2d 528 (Fla.1993), which was decided after the sentencing proceedings in this case. Troutman held that the court must make findings based on an individualized evaluation of how the appellant fits within the criteria and then reduce its findings and reasoning to writing at the time of sentencing. Id. at 531 and 532.
Upon resentencing the appellant, the trial court may again impose an adult sanction after strictly complying with the statutory criteria. Id. at 533.
Convictions affirmed; reversed and remanded for resentencing.
FRANK, C.J., and BLUE, J., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. § 812.13(1) and (2)(a), Fla.Stat. (1991).