WENTWORTH, Senior Judge.
Linwood Eugene Bryan, a juvenile, has appealed from the imposition of adult sanctions following his plea of nolo contendere to attempted sexual battery on a child less than 12, burglary of a dwelling, and dealing in stolen property. We reverse and remand for resentencing.
In January 1993, Bryan (then 16) was charged by information with burglary of a dwelling and dealing in stolen property. In February 1993, he was charged by indictment with sexual battery on a child less than 12 years of age, a life felony. See § 794-011(2)(b), Fla.Stat. (1993). In July 1993, Bryan tendered a plea of nolo contendere to both of the former counts, and to the lesser offense of attempted sexual battery on a child less than 12 years of age, a second-degree felony. See § 777.04(4)(d), Fla.Stat. (1993).
The written plea agreement, although permitting departure from the guidelines, did not mention or waive findings by the trial court on the suitability of adult sanctions, pursuant to section 39.059(7)(c), Florida Statutes (1993); neither was any waiver made orally at the plea proceeding. The trial court accepted the plea, and ordered a pre-disposition report (PDR).
The PDR, presented at sentencing in September 1993, recommended adult sanctions. The guidelines scoresheet incorrectly classified the attempted sexual battery offense as a first-degree felony, scoring 216 points. Including these points, the scoresheet totalled 448 points, corresponding to a recommended range of 17-22 years. Prior to imposing sentence, the trial judge stated: “Having considered the criteria in Chapter 39 and the PDR in accordance with Chapter 39 ... the court does make the affirmative finding that for the protection of the community and the necessary rehabilitation of the child would have to be accomplished in adult court.” The court thereupon sentenced Bryan to 22 years imprisonment. It made no further oral findings regarding adult sanctions, and entered no written order. During sentencing, the trial judge incorrectly referred to the attempted sexual battery as a first-degree felony, and the written judgment and sentence classified it as such.
Bryan argues that the trial court erred in failing to make specific findings as to each of the criteria set forth at section 39.059(7)(c), or to enter a written order setting forth those specific findings. Bryan also points out that attempted sexual battery of a child under 12 is a second-degree felony, with a maximum 15-year term; thus, the 22-year sentence is illegal. The state agrees with Bryan on both issues, and requests reversal and remand for resentencing. It notes that adult sanctions may be imposed on remand if the trial .court properly applies the criteria and makes written findings.
A trial court must determine the suitability for adult sanctions by reference to the criteria set forth at section 39.059(7)(c), *610 Florida Statutes.[1] It must consider each criteria, and give an individualized evaluation of how a particular juvenile fits within the criteria; conclusory language tracking the statute is insufficient. Troutman v. State, 630 So.2d 528, 531 (Fla.1993). Further, a transcript does not satisfy the requirement that the findings be in writing. Rather, the court must enter a written, signed order including specific findings of fact and the reasons for its decision to impose adult sanctions. Troutman at 532.
Here, the trial court made no written findings. As to criteria (6), and without supporting findings of fact, the court orally found that adult sanctions were required “for the protection of the community and the necessary rehabilitation of the child.” While Bryan could make a knowing and intelligent waiver of his right to these findings as a part of his plea bargain, Sirmons v. State, 620 So.2d 1249,1252 (Fla.1993), the record herein reflects no such waiver, oral or written. We therefore reverse and remand for resentenc-ing. If the trial court applies the statutory criteria and reduces its findings to writing, adult sanctions may be imposed on remand. Troutman.
For purposes of remand, we note that sexual battery by a person less than 18 years old of a person less than 12 years old is a life felony. § 794.011(2)(b), Fla.Stat. The criminal attempt of a life felony is a second-degree felony, § 777.04(4)(d), Fla.Stat., punishable by a term of imprisonment not greater than 15 years. § 775.082(3)(c), Fla.Stat. Thus, the offense to which Bryan pled should have been classified as a second-degree felony. This correction not only reduces the score-sheet total to 390 points, lowering the sentencing range one cell to 12-17 years, but it renders the 22-year sentence illegal as exceeding the statutory maximum for the offense. The degree of the offense shall be corrected as outlined above prior to any re-sentencing.
Reversed and remanded for resentencing.
BARFIELD and DAVIS, JJ., concur.

. (1) The seriousness of the offense to the community and whether the protection of the community requires adult disposition;
(2) Whether the offense was committed in an aggressive, violent, premeditated, or willful manner;
(3) Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted;
(4) The sophistication and maturity of the child;
(5) The record and previous history of the child; and
(6) The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to services and facilities for delinquent children.