HALL, Acting Chief Judge.
Paul Thomas appeals his sentences for robbery and attempted robbery. He was a juvenile when he committed the offenses, and he contends, and the state agrees, that the trial court erred in sentencing him as an adult without making the findings required by section 39.059(7)(c), Florida Statutes (1991). We reverse and remand for resen-tencing.
Section 39.059(7)(c) mandates that before a juvenile may be sentenced as an adult, the trial court must determine whether he is suitable for adult sanctions. This determination is to be made by applying the six criteria set forth in the statute and making specific findings of fact with regard to each: “[T]he trial court must give an individualized evaluation of how a particular juvenile fits within the criteria. Mere conclusory language that tracks the statutory criteria is insufficient.” Troutman v. State, 630 So.2d 528, 531 (Fla.1993). These findings of fact must be made in writing and must be provided at the time of sentencing. Id. at 532; § 39.059(7)(d).
Because the trial court failed to follow the mandatory requirements of section 39.-059(7)(c) and (d) in sentencing Thomas as an adult, we must reverse the sentence and remand for resentencing in accordance with these requirements.
Reversed' and remanded for resentencing.
THREADGILL and FULMER, JJ., concur.