PER CURIAM.
Appellant’s sentence as an adult is reversed and remanded for resentencing. In Troutman v. State, 630 So.2d 528 (Fla.1993), the court made it clear that sections 39.-059(7)(e) and (d), Florida Statutes, must be followed before imposing an adult sentence on a juvenile. Here, the court’s decision was not reduced to writing as required. Additionally, although the trial court did make an effort to individualize its reasoning, many of the findings were, as in Troutman, essentially eonclusory and couched in the language of the statute.
On resentencing, if the court again determines that an adult sentence should be imposed, the statutory criteria should be more strictly applied. See Troutman. See also Bradley v. State, 559 So.2d 283 (Fla. 4th DCA 1990); West v. State, 503 So.2d 435 (Fla. 4th DCA 1987).
In all other respects the judgment is affirmed. If he wishes, Appellant may pursue the request made to this court to withdraw his plea by addressing that issue to the trial court by proper motion. See e.g., Peak v. State, 399 So.2d 1043 (Fla. 5th DCA 1981). We reject the contention that on remand the *1200 sentencing must be assigned to a different judge.
STONE, POLEN and PARIENTE, JJ., concur.