642 So.2d 1204 (1994)
Robert ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0080.
District Court of Appeal of Florida, Fourth District.
October 5, 1994.
*1205 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PARIENTE, Judge.
The sole issue presented by this appeal is whether the trial court erred in sentencing defendant, a juvenile, as an adult without adequately evaluating each of the specific statutory criteria relating to suitability of adult sanctions pursuant to section 39.059(7)(c), Florida Statutes (1993).
Defendant was charged by information with aggravated battery and pleaded no contest to the lesser charge of simple battery. The crime occurred two months before defendant's eighteenth birthday. Apparently defendant stabbed his girlfriend and she stabbed him. The girlfriend had a history of violence, and she was on probation for stabbing someone else.
At the sentencing hearing, the representative for HRS recommended juvenile community control because it was defendant's first offense and he had not had the benefit of the juvenile program. Although defendant made the statement that he would prefer probation in place of juvenile sanctions, his defense counsel objected because the criteria for adult sanctions were not met. The trial court's oral pronouncements reflect its primary concern that because defendant would be nineteen, and outside the jurisdiction of HRS within eight months, there would be limited power to impose sanctions for violation of the community control program if defendant were sentenced as a juvenile. The trial court also stated that "in the court's opinion he needs constant supervision."
The trial court's written order imposing adult sanctions was a form order reciting the statute verbatim. The only specific individualized findings contained in the order were as follows: "child 18 years of age, serious crime, limited supervise because of age  8 months  needs adult supervision."
While we are aware of the time demands imposed on the trial court by the exhaustive inquiry required by section 39.059(7)(c), we are compelled to reverse under the authority of Troutman v. State, 630 So.2d 528 (Fla. 1993).[1] Pursuant to Troutman, the trial court must, in writing, address each of the factors enunciated in section 39.059(7), provide an individualized evaluation of how a particular juvenile fits within those factors and set forth findings and reasons with regard to each factor at the time of sentencing. The trial court here did not, either in writing or orally, provide such an individualized evaluation.
Defendant's offer to be sentenced as an adult at the time of the sentencing hearing certainly does not constitute an intelligent and knowing waiver of his right to have a full evaluation of the specific statutory criteria before adult sanctions are imposed, assuming this right can even be waived. See State v. Veach, 630 So.2d 1096 (Fla. 1994); Troutman; Sirmons v. State, 620 So.2d 1249 (Fla. 1993); *1206 Berry v. State, 636 So.2d 555 (Fla. 2d DCA 1994).
Accordingly, the trial court's order and sentence is reversed and this cause is remanded to conform with the dictates of Troutman.
REVERSED AND REMANDED.
WARNER and POLEN, JJ., concur.
NOTES
[1] We note, however, that the Juvenile Justice Act of 1994, effective October 1, 1994, has overruled Troutman to the extent of the requirement of written justification of an adult sanction for a juvenile who is certified as an adult for trial. New section 39.059(7)(d) states:

Any decision to impose adult sanctions must be in writing, but is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions.