PER CURIAM.
M.A.V., a juvenile, appeals the imposition of adult sanctions and restitution after he pleaded no contest to the charge of armed robbery.
We affirm the restitution order because M.A.V. failed to object to the state’s proof at the hearing and also failed to present evidence of his inability to pay. See Williams v. State, 591 So.2d 664 (Fla. 2d DCA 1991).
We reverse the order imposing adult sanctions because the trial court did not strictly comply with the supreme court’s decision in Troutman v. State, 630 So.2d 528 (Fla.1993), which was not issued at the time of sentencing in M.A.V.’s case. In Troutman the supreme court held section 39.059(7)(d), Florida Statutes (1991), clearly requires that the decision to impose adult sanctions must be issued contemporaneously in writing and must consider each of the six criteria in section 39.059(7)(c). When the written order imposing adult sanctions in this case is read in conjunction with reasons announced at sentencing, it is clear that the trial court considered each of the statutory criteria. Nevertheless, the supreme court disapproved this procedure in Troutman. The trial court may not merely track the language of the statutory criteria in rendering its written findings, even if the transcript of the sentencing hearing contains a more detailed statement of the reasons for the imposition of adult sanctions. 630 So.2d at 530-531. The supreme court cautioned in a footnote: “Strict adherence to the provisions of section 39.059(7) is especially important in cases involving the direct filing of criminal charges in adult court because the provisions provide the only formal means of ensuring that the juvenile is being properly treated as an adult.” 630 So.2d at 531 n. 5. The state directly filed an information against M.A.V. in this case.
*82 Because the trial court’s written order imposing adult sanctions on M.A.V. contains some conclusory findings, we reverse that order. See, e.g., McCoy v. State, 632 So.2d 181 (Fla. 5th DCA 1994) (comparing trial court’s written reasons for imposing adult sanctions with statutory criteria and concluding that written reasons “merely provided conclusory language tracking the statutory criteria”). On remand, the trial court should conduct further proceedings consistent with Troutman, which allows it to reimpose adult sanctions after strictly applying the statutory criteria and reducing its findings to a written order. 630 So.2d at 533.
Affirmed in part, reversed in part, and remanded with directions.
ALTENBERND, A.C.J., and BLUE and LAZZARA, JJ., concur.