644 So.2d 141 (1994)
Christopher Michael HANNAH, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02597.
District Court of Appeal of Florida, Second District.
October 21, 1994.
*142 David C. Dwiggins, Lakeland, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Christopher M. Sierra, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Christopher Michael Hannah appeals his sentence as an adult, specifically arguing that the trial court failed to consider the criteria in section 39.059, Florida Statutes (1991), and failed to require an up-to-date predisposition report in sentencing him as an adult. We reverse.
Hannah entered a no contest plea to nine charges. He was seventeen years of age at the time of his sentencing hearing. At the sentencing hearing, the trial court imposed adult sanctions. Without orally pronouncing its findings with respect to the criteria in section 39.059(7), which permits the imposition of adult sanctions, the trial court contemporaneously entered a written order enumerating the statutory criteria to be considered and the findings with respect to the criteria. As to criterion 6, the written order provided:
6. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to services and facilities for delinquent children. Notwithstanding the recommendation of the juvenile authorities, I conclude that juvenile sanctions are not suitable.
We conclude that this statement is conclusional and does not satisfy the supreme court's standard set out in Troutman v. State, 630 So.2d 528 (Fla. 1993). In Troutman, the supreme court concluded that the trial court must consider each of the criteria in section 39.059(7)(c) before determining whether adult sanctions should be imposed. The supreme court further concluded that, in doing so, the trial court must give an individualized evaluation of how a particular juvenile fits within the criteria and that mere conclusional language that tracks the statutory criteria is insufficient. See Troutman, 630 So.2d at 531.
Because Troutman requires strict compliance with section 39.059(7)(c), we affirm the judgment but reverse the sentence and remand the case for resentencing in strict compliance with section 39.059(7)(c). On remand the trial court may again sentence Hannah as an adult, provided the court strictly complies with section 39.059(7)(c), taking into consideration conditions existing at the time of sentencing. See Kazakoff v. State, 642 So.2d 596 (Fla. 2d DCA 1994) (en banc).
Hannah also challenges the trial court's use of a predisposition report prepared *143 for sentencing Hannah in another case involving a prior violation of community control. At the sentencing hearing defense counsel did not object to the court's considering a predisposition report prepared in the other case and did not offer additional information to supplement the predisposition report.
The state contends that defense counsel's silence constitutes a waiver. Waiver of the requirements of section 39.059(7) must be voluntary, knowing, and intelligent. See Berry v. State, 636 So.2d 555 (Fla. 2d DCA 1994). The record does not reflect such an affirmative, voluntary, and knowing waiver of a proper predisposition report. The state cites P.D.W. v. State, 620 So.2d 1112 (Fla. 2d DCA 1993), for the proposition that a juvenile defendant may waive a predisposition report. The state also asserts that, as in P.D.W., Hannah effectively waived a duplicate report. P.D.W., however, is distinguishable in that it involved an express waiver of a predisposition report. Here, there was no such express waiver. Upon remand of this case, the trial court shall obtain a current predisposition report or obtain an express waiver from Hannah.
Reversed and remanded for resentencing.
FRANK, C.J., and FULMER, J., concur.