FULMER, Judge.
Daniel A. Tharp appeals his judgments and sentences for armed burglary, grand theft and aggravated assault. We find merit only in the issue raised concerning the defendant’s sentencing as an adult.
Tharp contends that, in sentencing him as an adult, the trial court failed to sufficiently state its considerations and findings as to why juvenile sanctions were not suitable. Pursuant to Troutman v. State, 630 So.2d 528 (Fla.1993), the trial court is required to give an individualized evaluation of how a juvenile defendant fits within the criteria of section 39.059(7)(c), Florida Statutes (1991). As in Troutman, the reasons given here by the trial court are eonclusory and merely track the language of the statute.
Moreover, the written findings in this case were issued five days after the sentencing hearing, which cannot be considered sufficiently contemporaneous. See Troutman, 630 So.2d at 532.
Accordingly, we affirm the convictions but reverse the sentence and remand for resen-tencing. On remand the trial court may again sentence Tharp as an adult, provided the court strictly complies with section 39.059(7)(c), taking into consideration conditions existing at the time of sentencing. See Kazakoff v. State, 642 So.2d 596 (Fla. 2d DCA 1994).
Reversed and remanded for resentencing.
FRANK, C.J., and CAMPBELL, J., concur.