652 So.2d 513 (1995)
Edgar D. SALES, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1829.
District Court of Appeal of Florida, Fourth District.
April 5, 1995.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
*514 PER CURIAM.
We affirm defendant's judgments of conviction for burglary of a structure and petit theft finding no error in the trial court's instruction on the inference arising from proof of possession of recently stolen property. However, the state concedes and we agree that pursuant to Troutman v. State, 630 So.2d 528 (Fla. 1993), the trial court erred in imposing an adult sentence without making written findings at the time of sentencing as mandated by Section 39.059(7)(c), Florida Statutes (1993).[1]See also Robinson v. State, 642 So.2d 1204 (Fla. 4th DCA 1994). Filing of the transcript of the sentencing hearing was insufficient to comply with the requirements of specific written findings as set forth by statute and mandated by Troutman. Accordingly we reverse and remand for resentencing to conform with the dictates of Troutman.
GUNTHER, STONE and PARIENTE, JJ., concur.
NOTES
[1] Subsection 39.059(7), Florida Statutes, was significantly amended by 1994 Laws of Florida, chapter 94-209 as part of the Juvenile Justice Act of 1994. The legislature, by its amendment, may have legislatively overruled the strict compliance required by Troutman. However, the sentencing in this case predated the legislative change.