664 So.2d 1060 (1995)
John LUTZ, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0409.
District Court of Appeal of Florida, Fourth District.
November 29, 1995.
Rehearing Denied January 8, 1996.
Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William A. Spillias, Assistant Attorney General, West Palm Beach, for appellee.
GUNTHER, Chief Judge.
Appellant, John Lutz, defendant below (Defendant), appeals a final judgment of guilt and adult sentence for burglary of a structure and third degree grand theft. Because a recent amendment to section 39.059(7), Florida Statutes (1993), which deleted the requirement of contemporaneous written findings for adult sentencing became effective prior to Defendant's sentencing, we affirm.
Defendant was seventeen at the time he committed the crime. However, after considering the criteria of former section 39.059(7), the trial court sentenced Defendant as an adult. On January 24, 1995, four days after oral sentencing, the trial court filed a written order nunc pro tunc January 20, 1995, imposing adult sanctions which listed the criteria of former section 39.059(7).
Previously, section 39.059(7)(d) provided that "[a]ny decision to impose adult sanctions shall be in writing and in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions." The Florida Supreme Court has held that the trial court is required to reduce the oral findings of fact and articulated reasons to writing without substantive change on the same date. Troutman v. State, 630 So.2d 528, 532 (Fla. 1993). In Troutman, because the written findings were issued three days after sentencing and the findings and reasons were merely conclusory, the supreme court found that the trial court made inadequate findings. Id; see also Coronado v. State, *1061 654 So.2d 1267 (Fla. 2d DCA 1995) (sentence remanded because adequate written findings issued eleven days after oral sentence nunc pro tunc to the sentencing date could not avoid the contemporaneous requirement of Troutman).
Effective October 1, 1994, the amended section 39.059(7)(d), Florida Statutes (Supp. 1994), now provides:
(d) Any decision to impose adult sanctions must be in writing, but is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions.
Ch. 94-209, § 51, at 834-35, Laws of Fla. This amendment legislatively overruled Troutman's strict compliance requirement of contemporaneous written findings. See Sales v. State, 652 So.2d 513, 514 n. 1 (Fla. 4th DCA 1995).
In Shaw v. State, 645 So.2d 68, 69 (Fla. 4th DCA 1994), this court reversed the appellant's adult sentence entered before the effective date, and remanded for the trial court to make specific written findings. There, we noted that the amended statute was inapplicable to sentences in the appeal "pipeline" rendered prior to the effective date of the amendment. Id. at 69-70.
Here, however, even though Defendant committed his offense prior to the amendment's effective date, his sentencing occurred after the effective date of the amendment. Thus, the amended statute should have applied retroactively to Defendant at his sentencing hearing. See Thomas v. State, 662 So.2d 1334 (Fla. 1st DCA 1995). (rejecting appellant's claim that court erred in failing to set forth findings of suitability for adult sanctions; applying procedural amendment retroactively to appellant sentenced after effective date did not constitute ex post facto violation because appellant's punishment would not be affected).
In the instant case, because Defendant's sentencing occurred after the effective date of the amendment to section 39.059(7)(d), no error occurred at Defendant's sentencing when the trial court failed to make the contemporaneous written findings formerly required by section 39.059(7), Florida Statutes (1993), and Troutman.
We find that the restitution issue has been waived. See Sims v. State, 637 So.2d 21, 23 (Fla. 4th DCA 1994). Accordingly, we affirm Defendant's conviction.
AFFIRMED.
DELL and STEVENSON, JJ., concur.