CAMPBELL, Acting Chief Judge.
Appellant, Steven Oliver Scott, pled nolo contendere to possession of cocaine, specifically reserving his right to appeal. He challenges the denial of his motion to suppress and various aspects of his sentencing. We have found no merit in appellant’s challenge to the denial of his motion to suppress, but we have found error in appellant’s sentencing as an adult and, accordingly, vacate his sentence and remand for resentencing.
Since appellant was a juvenile, seventeen years old at the time of the offense, the court should have sentenced him as a juvenile (§ 39.022(2), Fla. Stat. (1993)) unless it made a written determination under section 39.059(7)(d), Florida Statutes (1993), that adult sanctions should be imposed. The court made no such determination, either orally or in writing. It simply sentenced appellant to three years probation, which is an adult sentence since it exceeds the maximum juvenile term that could have been imposed on appellant under section 39.022(4), Florida Statutes (1993).
While we are aware that the October 1, 1994 amendment to section 39.059(7)(d) applies to appellant’s sentencing under Lutz v. State, 664 So.2d 1060 (Fla. 4th DCA 1995), that amendment does not affect the outcome of this case since the pertinent language, for purposes of our disposition here, was not changed. Although the amendment did eliminate the requirement that a court make specific enumerated findings detailing its decision, it did not eliminate the requirement that the court put its decision to impose adult sanctions in writing. Ch. 94-209, section 51, at 834-34, Laws of Fla. Since that was not done here, we must vacate appellant’s sentence and remand for resentencing in accord with this opinion.
Our determination to vacate appellant’s sentencing as an adult renders appellant’s other sentencing issues moot. We, therefore, decline to address them.
Accordingly, we affirm the denial of appellant’s motion to suppress, but vacate appellant’s sentence and remand for resentencing.
PARKER and FULMER, JJ., concur.