W. SHARP, Judge.
The state appeals from a sentence rendered in a juvenile disposition on the ground it was illegal.[1] The juvenile 'was charged as an adult under the direct file provision of Florida Rule of Juvenile Procedure 8.105, but later entered a guilty plea to two counts of burglary,[2] pursuant to a plea agreement whereby the court agreed to transfer the ease back to the juvenile court, under section 39.052(3), Florida Statutes (1995). After the transfer, the court imposed juvenile rather than adult sanctions, without making written findings concerning the suitability of adult sanctions set forth in section 39.059(7)(e). The state objected to the transfer and imposition of juvenile sanctions. We affirm.
The state’s sole argument on appeal is that the court rendered an illegal sentence because it did not consider each of the statutory criteria set forth in section 39.059(7). That section sets forth six criteria which a court shall consider “in determining whether to impose youthful offender or juvenile sanctions instead of adult sanctions....” They are:
(1)seriousness of the offense and whether protection of the community requires adult disposition;
(2) whether the offenses were committed in a violent, aggressive, premeditated or willful manner;
(3) whether the offenses involved persons or property;
(4) the sophistication and maturity of the child;
(5) the child’s previous history or record; and
(6) the prospect for protection of the public and rehabilitation for the child.
In this case, the court filed no written order containing findings on those criteria. When the state objected to the disposition, the judge orally stated on the record that (a) the offense was not a particularly serious violation of criminal statutes; (b) the community would be protected by the sentencing because the offense was against property and not individuals; (c) J.S. was immature; and (d) J.S.’ previous record and history supported this sanction. In any event, it appears to us that the trial judge, in fact, did substantially consider the criteria of the statute.
Nor do we think subsection (d) of the statute requires a court to put a decision not to impose adult sanctions in writing, or to make written findings. The statute provides that a court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions, although the decision must be in writing.[3] § 39.059(7)(d), Fla. Stat. (1995). This statutory amendment appears to have undermined substantially the Florida Supreme Court’s holding in Troutman v. State, 630 So.2d 528, 531 (Fla.1993), which required such written findings when a juvenile is sentenced as an adult. In any event, the statute does not apply to decisions not to impose adult sanctions.
It also appeal's that the state failed to raise these objections in a timely fashion before the sentencing judge. When the case was transferred back to the juvenile division, *867 the state objected not to the imposition of juvenile sanctions, but to the jurisdiction of the circuit court doing the sentencing. The judge responded he was acting as a judge of both the criminal division and a judge of the juvenile division, pursuant to orders rendered by the chief judge. That issue was not preserved for appellate review.
Accordingly, we hold that the disposition in this case was not an illegal one and we affirm.
AFFIRMED.
COBB and ANTOON, JJ., concur.

. § 39.069(l)(b)(5), Fla. Stat. (1995).

. § 810.02, Fla. Stat. (1995).

.The Legislature transferred those portions of chapter 39 which deal with juvenile delinquency proceedings to chapter 985, effective October 1, 1997. See Laws of Fla. 97-238. However, this case falls under chapter 39.