QUINCE, Judge.
Appellant, Alonza Dion Wideman, challenges the trial court’s order sentencing him as an adult after he pled nolo contendere to charges of aggravated assault and shooting into a building. He also appeals some of the conditions of probation imposed by the court. We remand for resentencing because the court failed to make the appropriate findings for adult sentencing required by section 39.059(7), Florida Statutes (1991).
The crimes for which appellant entered pleas were committed on October 17, 1992. Appellant was born on March 13, 1975, and was seventeen when he committed these crimes. On January 21, 1994, appellant was sentenced to 4½ years in prison with a mandatory minimum three years on the aggravated assault charge, and 4⅜ years in prison followed by ten years’ probation on the shooting into a building offense, with both sentences to run concurrently.
Section 39.059(7)(c), Florida Statutes (1991)[1] requires the trial court to consider six factors to determine a juvenile’s suitability for adult sanctions. If the court decides to impose an adult sanction, that decision must be in writing with specific findings and reasons for the decision. In the instant case, the court simply said:
I have reviewed the PSI and have also reviewed the PDR. The recommendation of the Department of Health and Rehabilitative Services is that you be treated as an adult, the plea agreement contemplating called [sic] for you to be treated as an adult, as does the PSI recommend such treatment. This Court agrees that the only way to attempt to deal with you in the justice system from this point forward is as an adult.
This statement falls short of the specific findings required by section 39.059(7)(d). See Troutman v. State, 630 So.2d 528 (Fla.1993); Hannah v. State, 644 So.2d 141 (Fla.2d DCA 1994).
We remand this case to the trial court for resentencing. The court may again sentence appellant as an adult after complying with the requirements of sections 39.059(7)(c) and (d). We note the court imposed some special conditions of probation (drug testing and treatment, and use of intoxicants) which were not orally pronounced at sentencing. If these conditions are to be imposed at resen-tencing, the court must comply with the requirements outlined in Tomlinson v. State, 645 So.2d 1 (Fla.2d DCA 1994).
Reversed and remanded.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.

. Effective October 1, 1994, the trial court is not required to make specific findings for imposition of adult sentencing in juvenile cases. See § 39.059(7)(d), Fla.Stat. (Supp.1994).