QUINCE, Judge.
Appellant, Arthur Lee Thomas, challenges the trial court’s order imposing adult sanctions. He also appeals the imposition of certain costs. We affirm the imposition of costs but remand for entry of an order imposing adult sanctions consistent with section 39.059(7), Florida Statutes (1993).
Appellant pleaded nolo contendere to charges of aggravated battery and burglary. Appellant, who was sixteen, was sentenced on September 6,1994, to four years of prison on each count, to run concurrently. Although the trial court stated that pursuant to section 39.059, appellant was suitable for adult sanctions, it failed to make specific findings.
Section 39.059(7)(e), Florida Statutes (1993)[1] requires the trial court to consider six factors to determine a juvenile’s suitability for adult sanctions. If the court decides *1132 to impose adult sanctions, that decision must be in writing with specific findings and reasons for the decision. Accord, Wideman v. State, 651 So.2d 158 (Fla. 2d DCA 1995). Although the court considered each of these factors at the hearing, it failed to enter the appropriate order.
We remand this case to the trial court for entry of an order imposing adult sanctions pursuant to section 39.059, consistent with its oral findings at the sentencing hearing.
Affirmed but remanded with instructions.
THREADGILL, C.J., and SCHOONOVER, J., concur.

. Effective October 1, 1994, the trial court is not required to make specific findings for the imposition of adult sanctions in juvenile cases. See § 39.059(7)(d), Fla.Stat. (Supp.1994).