HALL, Acting Chief Judge.
The appellant challenges the two-year term of probation upon which she was placed pursuant to her conviction by a jury of delivering cocaine. She was sixteen years of age at the time of the offense. She contends the trial judge committed reversible error by merely stating she was not suitable for juvenile sanctions and failing to provide specific written reasons for imposing an adult sanction upon her. We agree.
We reject the state’s contention that the appellant waived her right to be sentenced as a juvenile under section 39.-111(6)(d), Florida Statutes (1987). Although a juvenile may waive her rights to be sentenced as a juvenile, that waiver must be knowing and intelligent. State v. Rhoden, 448 So.2d 1013 (Fla.1984). At the sentencing hearing, defense counsel requested both that the appellant be placed on probation and that she be sentenced as an adult and placed on community control. The judge did not ask the appellant whether she understood the sentencing alternatives and whether she was waiving her right to be sentenced as a juvenile and, if she was, whether she understood the consequences of that waiver. Thus, the appellant did not knowingly and intelligently waive her rights under section 39.111(6)(d).
Accordingly, we vacate the appellant’s sentence and remand for resentencing pursuant to the procedures set forth in section 39.111(6).
THREADGILL and PATTERSON, JJ., concur.