620 So.2d 1249 (1993)
Cornelius C. SIRMONS, Petitioner,
v.
STATE of Florida, Respondent.
No. 79754.
Supreme Court of Florida.
June 24, 1993.
*1250 James Marion Moorman, Public Defender and Jennifer Y. Fogle, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and Erica M. Raffel and Sue R. Henderson, Asst. Attys. Gen., Tampa, for respondent.
HARDING, Justice.
We have for review Sirmons v. State, 595 So.2d 582, 582 (Fla.2d DCA 1992), in which the Second District Court of Appeal recognized conflict with Lang v. State, 566 So.2d 1354 (Fla. 5th DCA 1990). We find conflict between the district courts and accept jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
The issue for review is whether a juvenile, who enters into a negotiated plea agreement that allows a court to consider the imposition of adult or juvenile sanctions, necessarily waives the right under section 39.111(7)(d), Florida Statutes (1989),[1] for the court to make certain required findings and reasons for the imposition of an adult sentence. We hold that absent an intelligent and knowing waiver that is manifest on the record, a juvenile entering a negotiated plea agreement does not waive any rights under section 39.111.
On August 3, 1990, the State Attorney for Lee County filed a delinquency petition alleging that Cornelius C. Sirmons, a fifteen-year-old, committed robbery with a firearm[2] and discharged the firearm into an occupied building.[3] The State moved to waive juvenile jurisdiction over Sirmons and to transfer him for trial as an adult. After hearing testimony from the State and defense witnesses, Sirmons was waived into the adult court for criminal prosecution.[4] On November 1, 1990, Sirmons entered a plea of nolo contendere to the charges in exchange for a maximum prison sentence of nine years with a three-year minimum mandatory sentence if he was sentenced as an adult. The defense reserved the right to appeal the waiver of juvenile jurisdiction. The court ordered a presentence report and a predisposition report. The presentence report recommended that Sirmons be sentenced to adult sanctions, while the predisposition report recommended juvenile sanctions. The court sentenced Sirmons as an adult to nine years incarceration with a minimum mandatory sentence of three years for the robbery with a firearm conviction.[5] The court *1251 failed to express in writing the specific findings of fact and reasons for the decision to impose adult sanctions.
On appeal, the district court per curiam affirmed Sirmons' sentence based on Davis v. State, 528 So.2d 521 (Fla.2d DCA), review denied, 536 So.2d 243 (Fla. 1988). In Davis, the Second District Court of Appeal held that a negotiated plea agreement obviated the need for the court to make the written findings and reasons for imposing adult sanctions on a juvenile defendant. Id. at 522. The district court in the instant case recognized a conflict with the Fifth District Court of Appeal in Lang, which held that a juvenile entering a plea agreement may waive the right for the court to make the required specific findings before imposing adult sanctions, but the waiver must be manifest either in the plea agreement or on the record. Lang, 566 So.2d at 1357. We accepted jurisdiction to resolve the conflict.[6]
Section 39.111(7)(d) sets forth the procedure to be followed by the court in imposing adult sentencing sanctions on a juvenile.[7] The statute requires the court to determine the suitability of adult sanctions by making certain listed findings.[8] The Legislature mandated that the court provide specific factual findings and reasons in a written order and that the order be reviewable by the district courts on appeal. This Court in State v. Rhoden, 448 So.2d 1013 (Fla. 1984), addressed the issue of a court sentencing a juvenile to adult sanctions without making the required statutory findings. The Court held that the court must follow the statutory provisions requiring specific written findings and reasons for sentencing a juvenile to adult sanctions and that the court's failure to follow the statutory requirements mandated a remand for resentencing. The Court reasoned that the Legislature's adoption of the juvenile justice system granted "juveniles the right to be treated differently from adults." Id. at 1016. As the Court stated:
The legislature has emphatically mandated that trial judges not only consider the specific statutory criteria pertaining to the suitability of adult sanctions, but that they also reduce to writing their findings of fact and reasons for imposing an adult sentence on a juvenile. A written order is necessary in order to make effective the right of sentence review granted to juveniles by the legislature.
*1252 Id. at 1016-17. Moreover, the Court stated that absent an intelligent and knowing waiver by the juvenile of these rights, the court was required to make the statutory findings before imposing adult sanctions on a juvenile. Id. at 1017.
The State argues that Sirmons' negotiated plea is a waiver of his juvenile rights because the validity of the plea recognized Sirmons' knowledge that the plea included the possibility that the court would impose adult sanctions. We disagree. As we noted in Rhoden, the Legislature has given "juveniles the right to be treated differently from adults." Rhoden, 448 So.2d at 1016. One of those rights is to have the court determine the suitability of imposing adult sanctions by considering the criteria listed in section 39.111(7)(c), Florida Statutes (1989). This does not preclude a juvenile from negotiating a plea waiving that right in exchange for the possibility that the court may impose either an adult or juvenile sentence, as in this case, or for the imposition of a certain adult sentence. However, before the plea agreement may be accepted by the court, the court must inform the juvenile of the rights provided by the Legislature under section 39.111 and insure that the juvenile voluntarily, knowingly, and intelligently waives those rights. Under Florida Rule of Criminal Procedure 3.170(j), courts are charged with the determination "that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness." We find that in order for a juvenile to have a full understanding of the significance of the plea the juvenile must be made aware of the rights that are waived by the plea agreement.
Applying the law to the instant case, we find that the record does not show that Sirmons gave a knowing and intelligent waiver of his rights under section 39.111. Thus, the instant case must be remanded for resentencing.
Accordingly, we quash the decision below and approve the district court's opinion in Lang to the extent that it is consistent with this opinion.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, C.J., concurs specially with an opinion.
BARKETT, Chief Justice, specially concurring.
I certainly agree with the majority that a juvenile entering a negotiated plea agreement does not thereby waive the requirements of section 39.111, Florida Statutes (1989). However, I question whether a judge can ever impose adult sanctions without complying with the statute.
Section 39.111(7)(c) compels a court to determine whether adult sanctions are suitable for a juvenile by considering six specific criteria. Section 39.111(7)(j) states that "[i]t is the intent of the Legislature that the foregoing criteria and guidelines shall be deemed mandatory. ..." (Emphasis supplied). Thus, I question whether the mandatory findings required in the statute can ever be waived by a juvenile, notwithstanding a juvenile's attempt to do so.
NOTES
[1] In 1990, the Legislature repealed section 39.111, Florida Statutes (1989). Ch. 90-208, § 17, at 1160, Laws of Fla. In place of section 39.111, the Legislature enacted section 39.059, Florida Statutes (Supp. 1990), which addresses the commitment of children prosecuted as adults. Ch. 90-208, § 5, at 1094, Laws of Fla. Like section 39.111, sections 39.059(7)(c) and (d) contain the listed criteria that the court must consider in determining the suitability of adult sanctions and the requirement for the court to make certain findings before imposing adult sanctions on a juvenile. Although the facts of the instant case concern section 39.111, the rationale of this opinion also applies to section 39.059.
[2] § 812.13, Fla. Stat. (1989).
[3] § 790.19, Fla. Stat. (1989).
[4] The court made the factual findings required to waive a juvenile into adult court pursuant to section 39.09(2)(c), Florida Statutes (1989).
[5] The trial court noted that Sirmon's sentence fit within the nine- to twelve-year sentence recommended by the sentencing guidelines.
[6] We note that the Second District Court of Appeal has receded from its holding in Davis v. State, 528 So.2d 521 (Fla.2d DCA), review denied, 536 So.2d 243 (Fla. 1988). In Croskey v. State, 601 So.2d 1326 (Fla.2d DCA 1992) (en banc), the district court held that it is reversible error for a court to sentence a juvenile as an adult pursuant to a negotiated plea agreement without making the statutory required findings under section 39.059(7)(c), Florida Statutes (Supp. 1990), or finding that the juvenile voluntarily, knowingly, and intelligently waived the rights under section 39.059. Id. at 1327-28.
[7] Section 39.111(7)(d), Florida Statutes (1989), provides that:

Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to s. 39.14.
[8] Section 39.111(7)(c), Florida Statutes (1989), lists the following criteria for the trial court to consider:

1. The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living.
5. The record and previous history of the child, including:
a. Previous contacts with the department, the Department of Corrections, other law enforcement agencies, and courts,
b. Prior periods of probation or community control,
c. Prior adjudications that the child committed a violation of law, and
d. Prior commitments to institutions.
6. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to juvenile services and facilities.