PER CURIAM.
We have for review Pittman v. State, 595 So.2d 1101 (Fla. 2d DCA 1992), in which the district court recognized conflict with Lang v. State, 566 So.2d 1354 (Fla. 5th DCA 1990). We find conflict and have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
The issue in the instant case is whether a negotiated plea agreement to impose adult sanctions on a juvenile waives the juvenile’s rights under section 39.059, Florida Statutes (Supp.1990). We addressed this issue in Sirmons v. State, 620 So.2d 1249 *1233 (Fla.1993), and held that absent an intelligent and knowing waiver on the record a negotiated plea agreement does not waive a juvenile’s rights for the court to make written findings and reasons for the imposition of adult sanctions. Id. at 1251.
The record shows that the juvenile in the instant case did not intelligently or knowingly waive his right to have the trial court determine the appropriateness of adult sanctions. Therefore, the case must be remanded to the trial court for resentenc-ing.
Accordingly, we quash the decision below and remand for proceedings consistent with this Court’s opinion in Sirmons.
It is so ordered.
overton, McDonald, shaw, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs specially with an opinion.