ALTENBERND, Judge.
The defendant, Gary Newsome, a juvenile, appeals his conviction for dealing in stolen property. He also challenges his sentence to two years’ community control, imposed as an adult sanction. We reverse.
The state charged Mr. Newsome by direct information with grand theft and dealing in *252 stolen property. On August 13, 1992, he entered a -written plea of no contest to the charge of dealing in stolen property. As part of the agreement, the state dismissed the grand theft charge. At the plea hearing, the trial court accepted Mr. Newsome’s plea without informing him of his rights as a juvenile. On September 23, 1992, the trial court entered the adult sanction as recommended by the PSI and PDR.
Although the trial court’s procedure had been approved by this court when Mr. Newsome tendered his plea, it has now been disapproved by the supreme court. Sirmons v. State, 620 So.2d 1249 (Fla.1993). Accordingly, the defendant’s conviction and sentence must be reversed. On remand, Mr. Newsome has the right to withdraw his plea. If he does not withdraw the plea, the trial court may accept the plea after complying with the requirements of Sirmons.
Mr. Newsome also challenges the findings of suitability for adult sanctions that were entered at his sentencing hearing. He argues that the form utilized by the court was conclusory and not sufficiently specific to satisfy the requirements of section 39.-059(7)(d), Florida Statutes (1991). Because of our disposition of this case, we do not need to address the adequacy of the procedures at sentencing. The trial court, however, is cautioned that a negotiated plea in which a minor intelligently waives the right to sentencing as a juvenile may not be sufficient to eliminate the requirement for case-specific findings concerning all of the criteria enumerated in section 39.059(7). The supreme court has recently emphasized the need for a contemporaneous sentencing order, containing an individualized evaluation of these factors that does not merely track the concluso-ry language of the statute. Troutman v. State, 630 So.2d 528 (Fla.1993).
THREADGILL, A.C.J., and PATTERSON, J., concur.