PER CURIAM.
We affirm appellant’s convictions based on his negotiated guilty pleas, but we reverse appellant’s sentences because the trial court failed to consider the statutory criteria set forth in section 39.059(7), Florida Statutes (1991), at the time of sentencing appellant as an adult.
Appellant was a juvenile when he committed the offenses to which he pled guilty. Before sentencing a juvenile as an adult, a trial court must determine the suitability of adult sanctions by making required written factual findings in accordance with section 39.059(7). Sirmons v. State, 620 So.2d 1249, 1251 (Fla.1993). Absent an intelligent and knowing waiver that is manifest on the record, a juvenile entering a negotiated plea agreement does not waive any rights under section 39.059(7). Id.
At the sentencing hearing, the trial court failed to make any inquiry regarding the suitability of sentencing appellant as an *867 adult. Furthermore, the record does not indicate that appellant intelligently and knowingly waived his rights under section 39.059(7). Consequently, we affirm appellant’s convictions, but we reverse and remand for resentencing.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
GUNTHER, FARMER and PARIENTE, JJ., concur.