GRIFFIN, Judge,
concurring specially.
I agree with the state that this record shows that defendant waived juvenile treatment in exchange for a very specific combination of youthful offender and adult proba *59 tionary sentences in several cases. I think the core requirement of Sirmons v. State, 620 So.2d 1249 (Fla.1993) was met; however, the Sirmons court did say that the trial court must inform the juvenile of his right to findings and insure a voluntary, knowing and intelligent waiver by the juvenile. To avoid repeating the sentencing exercise, the trial judges of this district, when sentencing a juvenile, should first determine whether section 39.059 is applicable.[1] If so, the court must perform the steps outlined by the Sir-mons court.
I, too, am unable to make any sense of the sentence. The orally pronounced sentence is a departure, yet there plainly are no written reasons for departure. The written sentence appears to be purely probationary.

. See section 39.022(5), Florida Statutes (1993).