W. SHARP, Judge.
We affirm Messam’s convictions, but vacate the sentences he received as an adult. The trial judge entered a written order which explained in a conclusory way, why the judge thought Messam should be sentenced as an adult, rather than as a juvenile. The order is a printed form, on which the judge has penned his initials and made checkmarks in some blanks. The judge made no individualized findings relating to Messam, these crimes, or Messam’s prior record, although during the sentencing hearing the judge orally stated adequate findings to support his decision.
The form findings entered m this case are legally insufficient to comply with the statutory mandate of section 39.059(7)(e), Florida Statutes (1991), as defined in Troutman v. State, 630 So.2d 528 (Fla.1993). See also McCoy v. State, 632 So.2d 181 (Fla. 5th DCA 1994). We have no alternative but to vacate the sentence and remand this case for resen-tencing. On remand, the trial judge may impose adult sanctions after making the individualized written findings required by the statute.
*163 AFFIRM in part; VACATE SENTENCES; REMAND.
DAUKSCH and GOSHORN, JJ., concur.