647 So.2d 830 (1994)
STATE of Florida, Petitioner,
v.
Fletcher BERRY, Respondent.
No. 83786.
Supreme Court of Florida.
December 22, 1994.
Robert A. Butterworth, Atty. Gen. and Anne Y. Swing, Asst. Atty. Gen., Tampa, for petitioner.
James Marion Moorman, Public Defender and Megan Olson, Asst. Public Defender, Bartow, for respondent.
OVERTON, Justice.
We have for review Berry v. State, 636 So.2d 555 (Fla. 2d DCA 1994), in which the district court certified the following question as one of great public importance:

*831 DOES TROUTMAN V. STATE, 630 So.2d 528 (FLA. 1993), OVERRULE THE HOLDINGS OF STATE V. RHODEN, 448 So.2d 1013 (FLA. 1984), AND SIRMONS V. STATE, 620 So.2d 1249 (FLA. 1993), THAT A JUVENILE MAY WAIVE THE STATUTORILY MANDATED REQUIREMENTS OF SECTION 39.059(7), FLORIDA STATUTES (1991), SO LONG AS SUCH WAIVER IS VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY MADE?
Id. at 558-59. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we answer the question in the negative.
The facts of this case are as follows. Fletcher Berry was convicted and sentenced for possession of cocaine. Although Berry was seventeen at the time he committed the offense, he was charged as an adult. After being charged as an adult, he executed a form waiving the requirements of section 39.059(7), Florida Statutes (1991), the statute governing the sentencing of juveniles as adults.[1] Berry executed the form before his attorney and a guardian. The trial court, however, never advised Berry of his rights under the statute, never advised him of the consequences of such a waiver, and never questioned him about the significance of the waiver form. The trial court sentenced him as an adult.
On appeal, the Second District Court of Appeal reversed and remanded for resentencing. The district court observed that this Court's decisions in State v. Rhoden, 448 So.2d 1013 (Fla. 1984), and Sirmons v. State, 620 So.2d 1249 (Fla. 1993), require that, before a plea agreement is accepted from a juvenile to be sentenced as an adult, the trial court must ensure that the juvenile is fully informed of the juvenile's rights under the statute and that the waiver of those rights is voluntarily, knowingly, and intelligently made. Under the circumstances of this case, the district court found that Berry did not make an intelligent and knowing waiver of his rights under section 39.059(7) because Berry did not execute the waiver of rights form in the presence of the trial court and because the trial court never questioned him about its significance.
In light of some statements in Troutman v. State, 630 So.2d 528 (Fla. 1993), however, *832 the district court expressed uncertainty as to whether a trial court ever has the authority to dispense with the requirements of section 39.059(7), even in the presence of a valid waiver. In Troutman, we stated: "The Legislature has made clear in the statute itself that adherence to the requirements of section 39.059 is not optional," and that "a trial court must consider each of the criteria of section 39.059(7)(c) before determining the suitability of adult sanctions." 630 So.2d at 531. Additionally, we stated: "A juvenile's right to this special treatment at sentencing continues even when the juvenile enters into a plea agreement authorizing the imposition of adult sanctions." Id. Based on this language, the district court was unsure whether this Court meant to overrule Rhoden and Sirmons to the extent that those cases specifically held that a juvenile can waive the mandated rights under the statute. Consequently, the district court certified the aforementioned question as one of great public importance.
As acknowledged by the district court, in both Rhoden and Sirmons this Court determined that a juvenile could waive the findings mandated under section 39.059(7).[2] Moreover, as we stated in Sirmons, such a waiver is valid only if a court first fully informs the juvenile of the rights provided by the statute and ensures that the rights are voluntarily, knowingly, and intelligently waived. 620 So.2d at 1252. Just five months later, as noted above, we did state in Troutman that the requirements of the section were not optional and that a trial judge must consider each of the criteria of subsection (c) before determining the suitability of adult sanctions. In making those statements in Troutman, however, we were addressing the sufficiency of the findings required by the statute and not whether the requirements of the statute could be waived. In fact, in Troutman, we specifically relied on both Rhoden and Sirmons in reaching the conclusion that the requirements of the statute were mandatory. In no way did we intend to imply in Troutman that we were overruling our prior conclusions in Rhoden and Sirmons regarding waiving the requirements of the statute. Nevertheless, to clarify this issue, we hereby reiterate that a juvenile may waive the requirements of section 39.059(7) so long as the court informs the juvenile of the rights provided by the statute and ensures that the waiver of those rights is voluntarily, knowingly, and intelligently made.
We agree with the district court's conclusion in this case that the waiver was not voluntarily, knowingly, and intelligently made. The fact that the waiver was signed before Berry's attorney and guardian is in-sufficient, in and of itself, to support such a finding. As noted in Sirmons, in ensuring that a waiver is voluntarily, knowingly, and intelligently made, it is the responsibility of the trial judge to inform the juvenile of the rights provided under the statute and ensure that the juvenile understands the significance of that waiver. 620 So.2d at 1252. The record does not reflect that the trial judge did so in this case.[3]
Accordingly, we answer the certified question in the negative and quash that portion of the district court's opinion that is inconsistent with our holding. Nevertheless, we approve the district court's conclusion that the waiver in this case was invalid, and we remand this case to the district court with directions that the case be returned to the trial court for resentencing.
It is so ordered.
*833 GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 39.059(7) provides in pertinent part:

When a child has been transferred for criminal prosecution and the child has been found to have committed a violation of Florida law, the following procedure shall govern the disposition of the case:
(a) At the disposition hearing the court shall receive and consider a predisposition report by the department regarding the suitability of the child for disposition as a child.
(b) After considering the predisposition report, the court shall give all parties present at the hearing an opportunity to comment on the issue of sentence and any proposed rehabilitative plan. Parties to the case shall include the parents, guardians, or legal custodian of the child; the child's counsel; the state attorney; representatives of the department; any victim or his representative; representatives of the school system; and the law enforcement officers involved in the case.
(c) Suitability or nonsuitability for adult sanctions shall be determined by the court before any other determination of disposition. The suitability determination shall be made by reference to the following criteria:
1. The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the child.
5. The record and previous history of the child, including:
a. Previous contacts with the department, the Department of Corrections, other law enforcement agencies, and courts;
b. Prior periods of probation or community control;
c. Prior adjudications that the child committed a delinquent act or violation of law; and
d. Prior commitments to institutions.
6. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to services and facilities for delinquent children.
(d) Any decision to impose adult sanctions shall be in writing and in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to s. 39.069.
[2] Notably, in both Rhoden and Sirmons, this Court was actually addressing the requirements contained in section 39.111, Florida Statutes (1989). That statute was repealed in 1990 and section 39.059 was enacted in its place. Both sections, however, list the criteria that a court must consider in determining the suitability of adult sanctions and the requirement for the court to make certain findings before imposing adult sanctions on a juvenile. Further, as this Court noted in Sirmons, "[a]lthough the facts of the instant case concern section 39.111, the rationale of this opinion also applies to section 39.059." 620 So.2d at 1250 n. 1.
[3] The State raises an additional issue in this case regarding the sentence imposed on Berry and the district court's reversal of that sentence. We decline to address this issue, which is not part of the question certified by the district court.