650 So.2d 683 (1995)
John O. VARELA, Appellant,
v.
STATE of Florida, Appellee.
No. 94-300.
District Court of Appeal of Florida, Fifth District.
February 17, 1995.
James B. Gibson, Public Defender and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
John O. Varela entered a plea of nolo contendere to an information that charged him with robbery with a firearm.[1] He was sentenced to 15 years in the Department of Corrections ("DOC") followed by 10 years probation. He now appeals his judgment and sentence. Varela alleges that because he was 16 at the time of sentencing, the trial judge was required to enter written findings pursuant to section 39.059(7), Florida Statutes (1993). Since the trial judge failed to enter written findings, Varela argues his judgment and sentence should be reversed and the case remanded for resentencing. We disagree, as discussed in this opinion, and affirm his judgment and sentence.
Varela entered a written plea to a first degree felony punishable by life imprisonment. At all essential stages of his case, he was represented by an attorney. The written plea resulted from negotiations with the State of Florida. The state and the defense agreed that the trial court would consider Varela's juvenile record. If his record was not excessive, the court would "consider [a] youthful offender sentence or if [sentenced] as [an] adult to YO [youthful offender] facility under any circumstance (sic)." The trial court specifically informed Varela that in any event, he could be sentenced to serve time in the DOC. Varela entered the plea knowing *684 there was a possibility he could be sentenced to serve time in the DOC.
We agree with Varela that the general rule is a trial judge is required to enter written findings using the enumerated statutory criteria before the court elects to sentence a juvenile as an adult. Troutman v. State, 630 So.2d 528 (Fla. 1993). Failure to provide contemporaneous written reasons requires the case to be remanded for resentencing. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984) (a trial judge must enter written findings pertaining to the suitability or non-suitability of a juvenile for adult sanctions and the failure to enter such findings requires a remand for resentencing). However, we recognize exceptions to the general rule that apply in this case.
One exception to the general rule that written findings be entered is that Varela had previously been sentenced as an adult. At sentencing, the state presented evidence that Varela had previously been convicted of robbery with a deadly weapon. As a result of this crime, he was sentenced to two years of community control followed by probation on 19 March 1993. He committed the current offense on 15 June 1993. His trial attorney did not contest the accuracy of the crime as reported in the pre-disposition report, but suggested that Varela should receive nine years in the DOC.
Section 39.022(5)(d), Florida Statutes (1993) states that a child who has been previously transferred and found to have committed the offense "shall thereafter be handled in every respect as if [t]he [child] were an adult for any subsequent violation of Florida law, unless the court, pursuant to this paragraph, imposes juvenile sanctions under s. 39.059." The prior felony conviction allowed the trial court to sentence Varela as an adult.
Varela's attorney also specifically waived the necessity of entering written findings. The following colloquy occurred between the trial court and Varela's attorney:
THE COURT: Okay, looks to me like he was sentenced as an adult. It just means I don't have to make a separate finding, and he ordered both a PSI and a PDR. I guess, Mr. Deen, I can go through all the machinations of determining that he needs to be sentenced as an adult, if you think that is necessary.
MR. DEEN: I don't.
THE COURT: Okay. Do you agree that he had been previously sentenced as an adult, and the court is not required to make those findings?
MR. DEEN: Yes.
After review of the plea and sentencing proceedings, we hold that the waiver of the necessity to enter contemporaneous written findings pursuant to section 39.059(7), Florida Statutes (1993), was voluntarily, knowingly, and intelligently made by Varela after consultation with his attorney. State v. Berry, 647 So.2d 830 (Fla. 1994). As noted above, the court thoroughly explained to Varela the effect of his waiver. We affirm the judgment and the sentence.
AFFIRMED.
COBB and DIAMANTIS, JJ., concur.
NOTES
[1] § 812.13(2)(a), Fla. Stat. (1993).