652 So.2d 1231 (1995)
James SATALINO, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01009.
District Court of Appeal of Florida, Second District.
April 5, 1995.
*1232 James Marion Moorman, Public Defender, Bartow, and Karen Kinney, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Chief Judge.
James Satalino was fourteen years old when he committed the crimes of dealing in stolen property, burglary, and possession of marijuana (case number 93-15501), together with another burglary offense (case number 94-00758). At a hearing on February 25, 1994, Satalino appeared before the trial court and learned of the intention to sentence him as an adult despite an HRS recommendation of juvenile sanctions in the predisposition report. Satalino subsequently entered a plea of no contest to the charges, specifically reserving the right to challenge the imposition of adult sanctions. After sentencing, the trial court filed a document entitled "Determination of Suitability of Imposing Adult Sanctions," which can be characterized as a form check list.
We must reverse Satalino's sentence; the trial court failed to make the required individualized findings concerning the suitability of adult sanctions for him. The form order is insufficient to satisfy the prescriptions of section 39.059(7)(c), Florida Statutes (1993), as they were interpreted in Troutman v. State, 630 So.2d 528 (Fla. 1993); Menchaca v. State, 636 So.2d 178 (Fla. 2d DCA 1994); Hannah v. State, 644 So.2d 141 (Fla. 2d DCA 1994), and an ever-expanding list of additional cases. On resentencing, the trial court may impose adult sanctions after making the appropriate specific findings in a written order. See Messam v. State, 640 So.2d 162 (Fla. 5th DCA 1994).
Reversed and remanded for resentencing.
ALTENBERND and LAZZARA, JJ., concur.