655 So.2d 1155 (1995)
Shanarvaty WOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-118.
District Court of Appeal of Florida, Fifth District.
April 28, 1995.
Rehearing Denied June 15, 1995.
Shanarvaty Sharae Wood, Sneads, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michael D. Crotty, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Wood appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, attacking his two concurrent twenty-year prison sentences for attempted first degree murder. He entered into a plea agreement with the state whereby the state nol prossed charges *1156 of attempted robbery with a firearm, three counts of grand theft of a motor vehicle, and one count of grand theft, second degree. The plea agreement provided that Wood, then fifteen years old, would be sentenced as an adult to a twenty-year term, with a three year minimum mandatory sentence. No direct appeal was filed.
None of the grounds raised by Wood in his motion has merit except the argument that he should not have been sentenced as an adult, without the trial court first making the findings required by section 39.059(7), Florida Statutes (1991). No written findings were made by the trial court in this case, although based on the statements made by the trial court at sentencing, there was ample material the court could have drawn on to make such findings.
Pittman v. State, 620 So.2d 1232 (Fla. 1993) holds that a negotiated plea agreement to impose adult sanctions does not waive a juvenile defendant's right to written findings. The court said:
[A]bsent an intelligent and knowing waiver on the record a negotiated plea agreement does not waive a juvenile's rights for the court to make written findings and reasons for the imposition of adult sanctions.
Pittman, 620 So.2d at 1233, quoting Sirmons v. State, 620 So.2d 1249, 1251 (Fla. 1993). Explaining what constitutes an intelligent and knowing waiver, the court in Sirmons stated that a trial judge must inform a juvenile of the rights provided for in section 39.059(7) and insure that the juvenile "voluntarily, knowingly, and intelligently waives those rights." Sirmons at 1252. At a minimum, this would require that the trial judge advise the juvenile of the rights provided in section 39.059(7).
In this case, the record of the plea hearing shows that the trial judge made no mention to Wood of those rights, nor is a waiver of section 39.059(7) expressly noted in the plea agreement. The plea agreement merely says Wood agrees to be sentenced as an adult, presumably the same situation which transpired in Pittman.
We thus have no alternative but to vacate the sentence imposed and remand for resentencing. At the resentencing, the trial court may make written findings as required by section 39.059(7) and impose adult sanctions, or the court could entertain Wood's motion to withdraw his plea agreement which if granted, would free the state to pursue all the charges against Wood, including those nol prossed, and also seek adult sanctions.
Sentences VACATED; REMANDED for Resentencing.
HARRIS, C.J., and COBB, J., concur.