PER CURIAM.
Appellant, Hector Figueroa, a/k/a Hector I. Figueroa, Jr., challenges the judgments and sentences imposed upon him in three different cases wherein he was charged with a total of twelve felonies. We reverse.
Appellant pled guilty or nolo contendere to all of the charges. The trial court accepted the pleas, adjudicated appellant guilty, and sentenced him as an adult within the guidelines. Appellant filed two motions to withdraw his pleas but the trial court denied the motions. Appellant filed a timely notice of appeal.
Appellant contends that the trial court erred in denying the motions to withdraw his pleas because the court failed to inform appellant of his rights as a juvenile before *1226 accepting the pleas. We agree with appellant’s contention.
The legislature has given juveniles the right to be treated differently from adults and one of those rights is to have the trial court determine the suitability of imposing adult sanctions by considering the criteria enumerated in section 39.111(7) (now section 39.059(7)). Sirmons v. State, 620 So.2d 1249 (Fla.1993). A juvenile may negotiate a plea waiving that right but before the plea agreement may be accepted by the court, the court must inform the juvenile of the rights provided under section 39.059 and insure that the juvenile voluntarily, knowingly, and intelligently waives those rights. Sirmons, 620 So.2d at 1252.
In the instant case, the appellant contends and the record shows that the trial court accepted appellant’s pleas without informing him of his rights provided by section 39.059(7). Since appellant was not made aware of the rights waived by the pleas, he did not have a full understanding of the significance of the pleas and his waiver of those rights was not knowing, voluntary, and intelligent. Sirmons, 620 So.2d at 1249; Fla. R.Crim.P. 3.170(j). Therefore, appellant’s subsequent motions to withdraw his pleas should not have been denied. Newsome v. State, 634 So.2d 251 (Fla. 2d DCA 1994). The procedure utilized by the trial court was improper and therefore appellant’s judgments and sentences must be reversed. Newsome v. State, 634 So.2d at 252. We, accordingly, reverse and remand with instructions to reinstate the charges against appellant.
Reversed and remanded with instructions.
RYDER, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.