PER CURIAM.
Robert Frattallone appeals his youthful offender sentence for dealing in stolen property and possession of a firearm by a minor. He raises several issues, but we find merit only in his contentions that his scoresheet has several errors and the trial court erred in sentencing him as an adult without properly making the suitability findings required by section 39.059(7)(e), Florida Statutes (1991).
After Frattallone was certified for prosecution as an adult, the state filed an information charging him with dealing in stolen property, grand theft of a firearm, and possession of a firearm by a minor. He changed his plea to guilty, and the trial court dismissed the grand theft charge and sentenced him as a youthful offender to time served for the possession charge and two years’ state prison followed by four years’ probation for the dealing in stolen property charge. The court filed a document entitled “Determination of the Suitability of Imposing Adult Sanctions,” which is a form checklist containing all of the criteria set forth in section 39.059(7)(c), some of which were checked off.
The execution of a form checklist does not satisfy the requirement of section 39.059(7)(c) that individualized findings be made with regard to each of the criteria set forth in that statute for determining the suitability of adult sanctions. Satalino v. State, 652 So.2d 1231 (Fla. 2d DCA 1995); Messam v. State, 640 So.2d 162 (Fla. 5th DCA 1994). Accordingly, we must reverse Frattallone’s sentence and remand for resentencing, at which time the trial court may again impose adult sanctions provided it makes and reduces to writing the appropriate individualized findings required by section 39.059(7)(c). Troutman v. State, 630 So.2d 528, 532 (Fla.1993).
*1131 Frattallone has pointed to several errors in his scoresheet which the state concedes must be corrected before he is resenteneed. Specifically, grand theft should not be listed or scored as an additional offense, no points should be scored for legal status, and the state prison months calculation must be made in accordance with the rules set forth on the scoresheet.
Reversed and remanded with directions.
CAMPBELL, A.C.J., and BLUE and LAZZARA, JJ., concur.