659 So.2d 1352 (1995)
Keith NORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2931.
District Court of Appeal of Florida, Fifth District.
September 8, 1995.
*1353 James B. Gibson, Public Defender, and Erin J. O'Leary, Assistant Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Hall, Assistant Attorney General, for appellee.
THOMPSON, Judge.
Keith Norris, a juvenile waived to the adult court, appeals his judgment and sentence for the offense of battery on a law enforcement officer[1] entered after a non-negotiated plea. This offense was committed on 6 December 1993. At Norris's plea hearing, Norris also pled guilty to the offense of escape from a juvenile facility,[2] which was committed on 23 January 1994. Norris has not appealed the sentence imposed for the 1994 offense.
On appeal from his conviction for the 1993 offense, Norris contends that his sentence should be reversed because the trial court should have used two sentencing guidelines scoresheets instead of one, and because the trial court failed to enter written reasons for sentencing Norris as an adult and imposing a departure sentence. Norris also contends that the trial court erred in imposing a public defender's lien without advising Norris of his right to a hearing and in requiring Norris to pay $60 to First Step of Volusia County. We affirm the trial court's decision to sentence Norris as an adult; however, because the trial court used a 1994 sentencing guidelines scoresheet for both offenses, we reverse Norris's sentence and remand for resentencing.
The trial court was required to use two sentencing guidelines scoresheets because one crime was committed before 1 January 1994 and one crime was committed after 1 January 1994. Prior to 1 January 1994, Florida Rule of Criminal Procedure 3.701(d)(1) required that only one guidelines scoresheet "shall be utilized for each defendant covering all offenses pending before the court for sentencing." See also Alvarez v. State, 600 So.2d 559 (Fla. 5th DCA 1992); O'Connor v. State, 590 So.2d 1018 (Fla. 5th DCA 1991). When the Florida Supreme Court adopted the 1994 amendments of the Sentencing Guidelines Commission and the new rule of procedure[3] to implement the new guidelines, however, the court noted that chapter 93-406, Laws of Florida, amended *1354 section 921.001, Florida Statutes (1991). Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, 628 So.2d 1084 (Fla. 1993). As amended, section 921.001 reads in pertinent part:
1. The guidelines enacted effective October 1, 1983, apply to all felonies, except capital felonies, committed on or after October 1, 1983, and before January 1, 1994; ... .
2. The 1994 guidelines apply to sentencing for all felonies, except capital felonies, committed on or after January 1, 1994.
§ 921.001(4)(b), Fla. Stat. (Supp. 1994) (emphasis added). Here, because Norris entered pleas to two non-capital felonies, one of which occurred in 1993 and the other after 1 January 1994, the trial court was required to use two guidelines scoresheets. Allen v. State, 20 Fla. L. Weekly D1653, ___ So.2d ___ [1995 WL 421872] (Fla. 3d DCA July 19, 1995); Heath v. State, 656 So.2d 527 (Fla. 1st DCA 1995); Wood v. State, 655 So.2d 212 (Fla. 5th DCA 1995). Accordingly, we reverse Norris's sentence for the 1993 offense of battery on a law enforcement officer and remand for resentencing on this offense. In light of our reversal of this sentence, we need not address Norris's additional argument that the sentence constituted an improper departure from the sentencing guidelines.
Norris also argues that the trial court erred in sentencing him as an adult rather than as a juvenile because the court failed to enter written reasons for imposing an adult sentence as required by section 39.059(7)(d), Florida Statutes (Supp. 1994). We conclude that Norris waived his right to challenge the trial court's decision to sentence him as an adult. In Varela v. State, 650 So.2d 683, 684 (Fla. 5th DCA 1995), we held that a juvenile could waive the requirement of contemporaneous written findings pursuant to section 39.059(7). In this case, Norris appeared at sentencing with his mother and his attorney. The following colloquy occurred regarding the trial court's decision to sentence Norris as an adult and the specific sentence to be imposed:
THE COURT: And, defense, do you have any objection to this Court's imposition of adult sanctions versus juvenile sanctions?
[DEFENSE COUNSEL]: Your Honor, looking over the PDR, we notice that he has been sentenced and, in fact, completed a level eight which is the most that the juvenile system has to offer and based on that, you know, we have no objection to the Department of HRS's recommendation [that Norris be sentenced as an adult].
... .
THE COURT: ... . Does the defendant waive any objection to the Court imposing community control and county jail time in order to avoid state prison?
[DEFENSE COUNSEL]: May I just have a moment with my client, please?
THE COURT: Yes.
... .
[DEFENSE COUNSEL]: Your Honor, since he was a juvenile at the time of offense I would just like to advise his mother of the decision that he has made, please.
THE COURT: Yes.
[DEFENSE COUNSEL]: Thank you.
... .
[DEFENSE COUNSEL]: Your Honor, after discussing the matter with both Keith and his mother, Keith's mother does agree with the decision that Keith has made and that is to waive any objections to the sentence and allow you to go ahead and sentence him a combination or one or the other of a term in the county jail and/or probation  community control.
THE COURT: Okay. Community control with jail time was my question.
[DEFENSE COUNSEL]: Yes, sir.
THE COURT: There is no objection to that. Correct?
Norris, his mother, and his attorney all indicated that they did not object to the sentence. *1355 Under these circumstances, the trial judge was not required to enter written reasons for imposing an adult sentence because all the parties waived any objection to the sentence.
Norris also objects to the trial court's imposition of a public defender's lien at the time of sentencing. When asked by the trial court if he had any objection to a lien of $100, Norris replied that he did not. Nevertheless, we do not consider Norris's response to be a valid waiver. The due process requirements of rule 3.720(d)(1) of the Florida Rules of Criminal Procedure and section 27.56(7), Florida Statutes (1993), are not subject to an implied waiver. Henriquez v. State, 545 So.2d 1340 (Fla. 1989); McMahon v. State, 561 So.2d 1284 (Fla. 5th DCA 1990). Although Norris stated that he had no objection to the lien, Norris did not specifically waive the due process protections outlined in section 27.56(7). The better practice would have been to advise Norris of his rights and to ask if he waived them. Accordingly, we strike the lien; however, at resentencing, the trial court shall have the opportunity to reimpose the lien upon compliance with section 27.56(7) and with rule 3.720(d)(1).
Finally, we strike the imposition of a payment of $60 to First Step of Volusia County because no statutory basis exists for this payment. Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994) (en banc).
JUDGMENT AFFIRMED; SENTENCE REVERSED and REMANDED for resentencing consistent with this opinion.
W. SHARP, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting.
I respectfully dissent.
In my opinion, the trial court erred in sentencing appellant as an adult without making the requisite findings that would support such a sentence. The waiver, as set out in the majority opinion, was not legally sufficient to remove the obligation of the sentencing judge to make the proper statutory findings.
A juvenile may waive the requirements of section 39.059(7), Florida Statutes (1993)[1] provided the court informs the juvenile of the rights provided by the statute and ensures that his or her waiver of those rights is voluntarily, knowingly and intelligently made. State v. Berry, 647 So.2d 830 (Fla. 1994); Sirmons v. State, 620 So.2d 1249 (Fla. 1993); State v. Rhoden, 448 So.2d 1013 (Fla. 1984). To ensure that a waiver is voluntarily, knowingly and intelligently made, the trial court must inform the juvenile of the rights provided under the statute and ensure that he or she understands the significance of the waiver. Berry, 647 So.2d at 832. In Sirmons, the supreme court elaborated upon the concept of a voluntary, knowing and intelligent waiver of rights as follows:
... before the plea agreement may be accepted by the court, the court must inform the juvenile of the rights provided by the Legislature under section 39.111 [now section 39.059(7)] and insure that the juvenile voluntarily, knowingly, and intelligently waives those rights. Under Florida Rule of Criminal Procedure 3.170(j), courts are charged with the determination "that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness." We find that in order for a juvenile to have a full understanding of the significance of the plea the juvenile must be made aware of the rights that are waived by the plea agreement.
Sirmons, 620 So.2d at 1252. See also Berry, 647 So.2d at 832. A trial court's failure to *1356 comply with the statutory requirements is fundamental error which need not be preserved with an objection at the trial level. Rhoden, 448 So.2d at 1016.
Appellant's sentence must be reversed and the cause remanded for resentencing because the record is devoid of any evidence that the trial court informed appellant of the rights provided by section 39.059(7) and that he voluntarily, knowingly, and intelligently waived those rights. Although the record shows that defense counsel conferred with appellant and his mother concerning the intended sentence, the court failed to apprise appellant of the legislative requirement that it consider the specific statutory criteria pertaining to the suitability of adult sanctions and that it reduce to writing its findings of fact and reasons for imposing an adult sentence on a juvenile. See Rhoden, 448 So.2d at 1016-1017.
Berry and Sirmons indicate that "the court must inform the juvenile of the rights" ... "and insure that the juvenile voluntarily, knowingly, and intelligently waives those rights." Berry, 647 So.2d at 832; Sirmons, 620 So.2d at 1252. Thus, it appears that only the juvenile rather than his attorney can waive the statutory rights. The Fourth District Court of Appeal has followed this view by holding that
... only the defendant himself can make a knowing and intelligent waiver of this right after being made aware of it and after the trial court makes the requisite written findings.
Harris v. State, 633 So.2d 562, 563 (Fla. 4th DCA 1994). See also McCray v. State, 588 So.2d 298 (Fla. 2d DCA 1991) (trial court did not ask appellant whether she understood sentencing alternatives and whether she was waiving her right to be sentenced as a juvenile and, if so, whether she understood consequences of waiver). Courts have also emphasized that the juvenile's waiver must be manifest on the record. Farmer; Veach; Rollins; Pride.
Appellant's sentence should be reversed and the cause remanded for resentencing. Upon resentencing, the trial court may sentence appellant as an adult by making the written findings as required by section 39.057(7)(d) or the court may entertain appellant's motion to withdraw his plea. See Wood v. State, 655 So.2d 1155, 1156 (Fla. 5th DCA 1995).
NOTES
[1] §§ 784.03, 784.07(2), Fla. Stat. (1993).
[2] § 39.061, Fla. Stat. (1993).
[3] Rule 3.702 was adopted "to implement the 1994 revised sentencing guidelines in strict accordance with chapter 921, Florida Statutes, as revised by chapter 93-406, Laws of Florida." Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, 628 So.2d 1084, 1089 (Fla. 1993).
[1] The statute mandates that the trial court 1) consider a predisposition report by the department regarding the suitability of the child for disposition as a child; 2) provide all parties present at the hearing with an opportunity to comment on the sentence and or any proposed rehabilitative plan; 3) determine suitability or nonsuitability of adult sanctions before any other determination of disposition by reference to six statutory criteria; and 4) place in writing its decision to impose adult sanctions conforming such reasons with the statutory criteria and rendering specific factual findings and reasons for its decision to impose adult sanctions.