THOMPSON, Judge.
Steven Street, a juvenile, appeals his conviction and sentence as an adult. He argues on appeal that the trial court erred when it imposed adult sanctions by using a printed form instead of making written individualized findings' as required by section 39.059(7)(c), *360 Florida Statutes (1993). We agree and reverse.
Street pled nolo contendere to a felony, grand theft of a motor vehicle,[1] and various misdemeanors. At his sentencing hearing, over Street’s repeated objections, the trial judge imposed adult sanctions. The trial court used a printed form entitled “WRITTEN FINDINGS RELATING TO SUITABILITY/NON-SUITABILITY OF DEFENDANT FOR ADULT SANCTION,” which listed the statutory criteria for imposing adult sanctions. Instead of writing detailed reasons for the sentence as required by statute, the trial court merely wrote “Pri- or record” in the blank next to the sentence on the form which stated, “The Court finds that the imposition of adult sanctions IS APPROPRIATE for the defendant.” Street was sentenced to two years of community control followed by three years of probation for the grand theft offense and given time served for the misdemeanors.
The Florida Supreme Court has held that: [A] trial court must consider each of the criteria of section 39.059(7)(c) before determining the suitability of adult sanctions. In so doing, the trial court must give an individualized evaluation how a particular juvemle fits within the criteria. Mere eon-clusory language that tracks the statutory criteria is insufficient.
Troutman v. State, 630 So.2d 528, 531 (Fla.1993). Recent decisions of the district courts of appeal make clear that a printed form which lists the criteria of section 39.059(7)(c), but which fails to contain individualized findings specific to the juvenile, the juvenile’s offenses, or the juvenile’s prior record, is legally insufficient to support the imposition of adult sanctions. See Messam v. State, 640 So.2d 162 (Fla. 5th DCA 1994); see also Frattallone v. State, 658 So.2d 1130 (Fla. 2d DCA 1995); Satalino v. State, 652 So.2d 1231 (Fla. 2d DCA 1995).
There are exceptions to a trial court entering detañed written findings. As examples, the trial court is not required to make the written findings if the juvemle has been sentenced previously as an adult or intelligently and knowingly waives the right to be sentenced as a juvemle. See Norris v. State, 659 So.2d 1352 (Fla. 5th DCA 1995); Varela v. State, 650 So.2d 683 (Fla. 5th DCA 1995). Those exceptions are not present in this case.
Because of the trial court’s error in failing to make written individualized findings, we vacate Street’s sentence and remand for resentencing. We are aware that section 39.059(7)(d), Florida Statutes (Supp.1994), as amended effective 1 October 1994, still requires written reasons for imposing adult sanctions. Moreover, the statute does not require the trial court “to set forth specific findings or enumerate the criteria in [the] subsection” to be presumed correct. Street, however, committed these offenses two months prior to the effective date of the amendment. At resentencing, the trial court may reimpose adult sanctions, provided written individualized findings required by section 39.059(7)(c), Florida Statutes (1993), are made.
REVERSED and REMANDED for resen-tencing.
HARRIS and ANTOON, JJ., concur.

. §§ 812.014(1), (2)(c), Fla.Stat. (1993).