COBB, Judge.
Clarkson was convicted of second degree murder with a firearm. He was a juvenile at the time of the offense and argues on appeal that the trial court, in sentencing him, failed to evaluate the statutory criteria propounded in section 39.059(7)(c), Florida Statutes (Supp.1994).
The state responds that the requirement for such specific findings was negated by the enactment of section 39.059(7)(d), Florida Statutes (1995),[1] which became effective on October 1, 1994. Although the shooting by Clarkson occurred on June 21, 1994, some three months before that effective date, the state contends the statutory amendment applies to Clarkson’s sentence because it is a procedural change entitled to retroactive application. Two appellate courts have agreed with the state’s argument of retroactivity. See, e.g., Grayson v. State, 671 So.2d 855 (Fla. 4th DCA 1996); Thomas v. State, 662 So.2d 1334 (Fla. 1st DCA 1995).
In the case of Street v. State, 665 So.2d 359 (Fla. 5th DCA 1995), we held that offenses committed prior to October 1,1994, were still subject to the statutory requirement of specific findings as set forth in subsection (c) of the applicable statute cited above. Upon further reflection, we agree with the position of the First and Fourth District Courts that the 1994 amendment was procedural and applies retroactively. Accordingly, we recede from Street to the extent of conflict with that case.
AFFIRMED.
PETERSON, C.J., and DAUKSCH, W. SHARP, GOSHORN, HARRIS, GRIFFIN, THOMPSON and ANTOON, JJ., concur.

. The pertinent section provides: "[T]he court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult standards.”