GOSHORN, Judge.
Ralph Bruce appeals the sentences imposed on his four 1994 offenses of uttering a forged check[1] and his 1993 offense of sexual battery upon a child under the age of 16.[2] He contends the trial court improperly used a single scoresheet when sentencing him following a violation of probation and further improperly imposed certain conditions of probation. We agree that several conditions of probation must be corrected and remand for the use of separate scoresheets in sentencing Bruce.
In June, 1994, separate scoresheets were properly used to calculate Bruce’s sentences, which included probation, for the 1993 and 1994 offenses. In January, 1996, Bruce admitted violating his probation. The trial court, using a single scoresheet to determine the guidelines sentence, sentenced Bruce to seven years’ incarceration followed by three years’ probation for the sexual battery offense and three years’ concurrent probation on the uttering charges.
Defendant correctly argues that because the offenses of uttering a forged check occurred in 1994 and the offense of sexual battery occurred in 1993, the trial court was required to utilize separate guidelines score-sheets. See Norris v. State, 659 So.2d 1352 (Fla. 5th DCA 1995) (reversal required because court used single scoresheet for 1993 and 1994 offenses).
The State acknowledges Norris, but urges that a single scoresheet was properly used as it was the one recommending the more severe sentencing range. This is without merit. The use of a single scoresheet in sentencing both the 1993 and 1994 charges resulted in a higher scoresheet total and an increased sentencing range — from a correct recommended sentence of 2½ — 3½ years up to 3½— 4½ years — for the sexual battery offense. See Fla.R.Crim.P. 3.988(d). This error was thus prejudicial and requires remand. See Monroe v. State, 673 So.2d 149 (Fla. 1st DCA 1996) (holding that because the removal of the 1994 offenses from the 1993 scoresheet resulted in a lowering of the sentencing range by one cell, remand for resentencing upon a properly calculated scoresheet was required). In the instant case, even with the one cell bump up for the violation of proba *1323 tion, the recommended sentence would be only 3½ to 4⅜ years, with a permitted range of up to 5½ years, not the 7 years imposed.
As to the conditions of probation challenged by Bruce, the State concedes that the condition imposing a $1 per month payment to “First Step of the Fifth Judicial Circuit, Inc.” was improper and should be stricken. See Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994) (en banc). Effective July 1,1995, subsection 948.03(1), Florida Statutes, allows such an assessment, but Bruce committed the offense in question before the effective date of the amendment so it is inapplicable to his case. See Ch. 95-189, § 1, at 1377, Laws of Fla. Further, conditions 24, 27, and 29, all of which restrict Bruce’s contact with children under the age of 18, should be corrected to conform with the trial court’s oral prohibition against contact with children under the age of 16.
REVERSED and REMANDED for resen-tencing in conformity with this opinion.
PETERSON, C.J., and W. SHARP, J., concur.

. § 831.02, Fla.Stat. (1993).

. § 800.04(3), Fla.Stat. (1993).