KLEIN, Judge.
Appellant, who was seventeen when he was involved in a traffic accident in which four people were killed, pled guilty to four counts of manslaughter and one count of driving with a suspended license, causing death. We reject his argument that the 1994 amendments to section 39.059, Florida Statutes, relating to sentencing children as adults, cannot be utilized where the offenses occurred prior to the effective date of the amendment. We conclude that applying the amended statute does not violate the constitutional protection against ex post facto laws, and adhere to Lutz v. State, 664 So.2d 1060 (Fla. 4th DCA 1995), and Grayson v. State, 671 So.2d 855 (Fla. 4th DCA 1996). See also Thomas v. State, 662 So.2d 1334 (Fla. 1st DCA 1995), rev. denied, 669 So.2d 252 (Fla.1996); Clarkson v. State, 678 So.2d 486 (Fla. 5th DCA 1996).
We have carefully considered Judge Stevenson’s dissenting opinion, but do not agree with his conclusion that the cumulative effect of the changes[1] would amount to an increase in the penalty under Gwong v. Singletary, 683 So.2d 109 (Fla.1996), or California Department of Corrections v. Morales, 514 U.S. 499, -, 115 S.Ct. 1597, 1603, 131 L.Ed.2d 588 (1995), so as to prohibit retroactive application.
In Dobbert v. Florida, 432 U.S. 282, 293-94, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977), the Court held that a statute which “altered the methods employed in determining whether the death penalty was to be imposed” could be applied retroactively. One of the arguments which Dobbert advanced, and which was rejected, was that the new law should not be retroactive because under the new law the trial court could override a jury decision to not impose the death penalty, an option which did not exist at the time of Dobbert’s offense. The Morales Court relied on Dobbert, characterizing its decision in Dobbert as “refusing to accept ‘speculation’ that the effective punishment under a new statutory scheme would be ‘more onerous’ than under the old one.” Morales, 514 U.S. 499 at -, 115 S.Ct. 1597 at 1603, 131 L.Ed.2d 588. Applying Dobbert, Morales and Gwong, we conclude that the 1994 version of section.. 39.059 can be applied to appellant.
Affirmed.
GUNTHER, C.J., concurs.
STEVENSON, J., dissents with opinion.

. One of the changes on which Judge Stevenson relies is that a trial court’s choice of adult sanctions is now "presumed appropriate.” Section 39.059(7)(d), Fla.Stat. Because a trial court's findings of fact are always presumed correct, we do not think that the legislature's inclusion of the presumption in the statute is a real change. See, e.g., Lucas v. State, 613 So.2d 408, 410 (Fla. 1992), cert, denied, 510 U.S. 845, 114 S.Ct. 136, 126 L.Ed.2d 99 (1993), holding that a trial court’s finding of fact on a mitigator in a capital case is presumed correct.