PETERSON, Judge.
Lee West Burgess appeals the denial of his motion to correct a sentencing error submitted pursuant to Florida Rule of Criminal Procedure 3.800(b). He contends that the trial court erred by using two scoresheets, rather than one, to resentenee him based on violations of his community control for two pre-1994 offenses. We vacate the sentences and remand for resentencing.
Burgess was sentenced in 1992 for possession and cultivation of marijuana. In 1993, he violated probation by being found guilty of aggravated assault with a motor vehicle and was again placed on probation for both the 1992 violation of probation and the new 1993 crime. In 1995, he violated probation again, and based upon both crimes being scored on a single scoresheet, was placed on two years community control. In 1996, he violated community control and was sentenced to consecutive terms of four and one-half years incarceration based upon the use *702 of one scoresheet for the 1992 crime and another for the 1993 crime. Burgess claims that only a single scoresheet should have been used. We agree. Florida Rule of Criminal Procedure 3.701(d)(1) provides, “One guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing.”
At times, two scoresheets for violations relating to two or more probation orders are necessary because the 1994 revised sentencing guidelines are significantly different than the original guidelines structure. Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, 628 So.2d 1084 (Fla.1993). If a defendant is to be resentenced for violating probation for a pre-1994 offense and a post-1993 offense, two separate scoresheets for these “straddle” offenses must be used. Norris v. State, 659 So.2d 1352 (Fla. 5th DCA 1995). See also § 921.001(4)(b)4., Fla. Stat. (1995) (“When a defendant is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines, each felony shall be sentenced under the guidelines in effect at the time the particular felony was committed”). The cases relied upon by the trial court in the instant case, Crystal v. State, 672 So.2d 632 (Fla. 1st DCA 1996) and Heath v. State, 656 So.2d 527 (Fla. 1st DCA 1995), were, similarly, “straddle” offenses that were a mix of pre-1994 and post-1993 offenses that required separate scoresheets.
Since both of Burgess’ offenses were committed before 1994, one scoresheet should have been utilized. The sentences are vacated and we remand for resentencing with the use of a single, pre-1994 scoresheet.
SENTENCE VACATED; REMANDED.
GOSHORN and HARRIS, JJ., concur.