MONACO, J.
David E. Conant appeals the summary denial of his amended motion filed pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure, to correct illegal sentence. In essence, Mr. Conant argues that the trial court erred in using a single scoresheet at sentencing, even though his crimes were committed under different versions of the sentencing guidelines. He may be correct.
In Burgess v. State, 705 So.2d 701 (Fla. 5th DCA 1998), we held that when a criminal defendant is being sentenced after violating probation for a pre-1994 offense and for a post-1993 offense, two separate scoresheets must be used in order to assure that each “straddled” felony is sentenced under the guidelines in effect at the time of that particular offense. See also Dillard v. State, 728 So.2d 725 (Fla.1999). In the present case we are concerned because the trial court appears to have used a single scoresheet in sentencing Mr. Co-nant to prison after he violated probation.
The single scoresheet provided to this court lists the primary offense as Case No. 94-35643 (a crime committed in 1994), and an “additional offense” as Case No. 93-33737 (a crime committed in 1993). He was sentenced to prison in Case No 94-35643 after he was found to have violated his previously imposed probation. His sentence in that case appears to have been ordered to run concurrently with his sentence in Case 93-33737. If this accurately reflects how he was sentenced, then certainly Mr. Conant is entitled to be resen-tenced in accordance with the requirements of Burgess.
The State suggests that as the trial court was only scoring one crime, only one scoresheet was required. The face of the *1069 scoresheet, however, reflects that both a primary and an additional offense were being scored (as opposed to a primary offense and an older offense being scored as part of the defendant’s prior record). An additional offense is, by definition, another offense pending before the court for sentencing. See Fla. R.Crim. P. 8.701(d)(4) and 3.702(d)(4). Thus, the scoresheet facially reflects that both cases were before the trial court for sentencing, and that the offenses underpinning those two cases were committed when two different versions of the guidelines were in effect.
If, as the State posits, only one offense was pending before the trial court for sentencing, then the scoresheet is still erroneous, as the court should not have scored the crime charged in Case No. 93-38737 as an additional offense. Likewise, if two scoresheets were, in fact, prepared, then they should have been provided to this court in connection with this appeal. Because the trial court did not either address these issues in its order, or attach portions of the record refuting Mr. Conant’s allegations, we are compelled to reverse the order and remand either for resentencing after two scoresheets are prepared, or to attach the appropriate documents refuting conclusively the allegations made by Mr. Conant.
REVERSED and REMANDED.
SHARP, W. and TORPY, JJ., concur.