677 So.2d 1340 (1996)
Daniel A. THARP, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00948.
District Court of Appeal of Florida, Second District.
August 7, 1996.
*1341 James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
This is the second appeal in this case. In the previous appeal, we reversed and remanded for compliance with the dictates of Troutman v. State, 630 So.2d 528 (Fla.1993), in the sentencing court's decision to impose adult sanctions. Tharp v. State, 648 So.2d 229 (Fla. 2d DCA 1994). The appellant now brings his sentencing as an adult before us again complaining that the sentencing court did not comply with either our mandate or Troutman. We disagree. The order imposing adult sanctions is sufficiently particularized and contemporaneous to comport with Troutman and the previous mandate.
The written judgment shows that the trial court enhanced one of the offenses with which the appellant was charged and convicted, aggravated assault, from a third degree felony to one of second degree, ostensibly because a firearm was used to commit the offense. §§ 784.021 and 775.087(1), Fla. Stat. (1991). This was error since the use of a firearm is an essential element of aggravated assault. Rodriguez v. State, 650 So.2d 1111 (Fla. 2d DCA 1995); Watson v. State, 591 So.2d 951 (Fla. 2d DCA 1991). However, the trial court did not sentence the appellant to an enhanced sentence for a second degree felony since it imposed a five-year term of incarceration[1] concurrent with the appellant's other sentences. Because a term of incarceration consistent with a conviction for a third-degree felony was actually imposed, we choose to treat the enhancement from a third degree felony to a second degree felony on the written judgment as a scrivener's error.
Accordingly, we affirm the sentences under review and remand only for correction of the judgment in accord with this opinion.
DANAHY, A.C.J., and FULMER and WHATLEY, JJ., concur.
NOTES
[1] The five-year sentence for the aggravated assault also contained a provision for a three-year mandatory minimum because a firearm was used. § 775.087(2), Fla. Stat. (1991). This was properly done and the appellant does not argue otherwise.