NORTHCUTT, Judge.
Gary Gatlin challenges his convictions and sentences for armed burglary and attempted sexual battery. We affirm the conviction for attempted sexual battery without discussion.
On the aimed burglary charge, the trial court instructed the jury on simple burglary and trespass. It also explained that if the jury found Gatlin guilty of burglary, it should consider certain aggravating circumstances, that is, whether he was armed and whether the structure he had entered was a dwelling. The jury found Gatlin guilty of burglary, with the aggravating circumstance that the structure was a dwelling. It failed to find the aggravating circumstance that Gatlin was armed. The final judgment, however, stated that Gatlin was convicted of armed burglary.
The record establishes that Gatlin was actually sentenced in accordance with the jury’s verdict, i.e., for burglary of a dwelling, a second-degree felony. § 810.02(3), Fla. Stat. (1995). Armed burglary is a first-degree felony punishable by life. § 810.02(2), Fla. Stat. (1995). Gatlin’s guidelines score-sheet states that his primary offense at conviction was a second degree felony, and he was sentenced pursuant to the guidelines. We, therefore, choose to treat the adjudication for armed burglary on the judgment as a scrivener’s error. We remand for the trial court to correct the written judgment to reflect that Gatlin was adjudicated guilty of burglary of a dwelling. See Tharp v. State, 677 So.2d 1340 (Fla. 2d DCA 1996). We otherwise affirm the judgment and sentence.
Affirmed in part, reversed in part and remanded for correction of the judgment.
PARKER, A.C.J., and FULMER, J., concur.