CASANUEVA, Judge.
Antonio Broome appeals his convictions for aggravated assault, a third degree felony violation of section 784.021, Florida Statutes (1995); shooting at a dwelling, a second degree felony violation of section 790.19; and possession of a firearm by a convicted felon, a second degree felony violation of section 790.23. He raises one issue concerning his convictions and four issues concerning various aspects of sentencing. We find merit only in two of the sentencing issues.
The jury found Mr. Broome guilty of aggravated assault with a firearm, a third degree felony. See § 784.021. Because the judgment lists the conviction for aggravated assault as a second degree felony, Mr. Broome contends that the trial court must have improperly reclassified his conviction for aggravated assault with a firearm from a third degree felony to a second degree felony based on the use of a firearm, which is an element of his offense. See Tharp v. State, 677 So.2d 1340 (Fla. 2d DCA 1996); Vickers v. State, 630 So.2d 1229 (Fla. 2d DCA 1994). Without speculating as to how the error occurred, the State concedes that the aggravated assault with a firearm crime for which Mr. Broome should have been adjudicated and sentenced is a third degree felony. Fortunately, the scoresheet had the correct number of points for this crime because it was scored as a third degree felony; however, the scoresheet incorrectly listed the crime as an aggravated assault with intent to commit a felony. Mr. Broome is entitled to have these scrivener’s errors on his judgment and scoresheet corrected.
Mr. Broome was sentenced under the 1995 sentencing guidelines and contends that they are unconstitutional because the legislature’s enactment of chapter 95-184, Laws of Florida, violated the single-subject provision of Article III, Section 6, of the Florida Constitution. We agree. See Heggs v. State, 759 So.2d 620 (Fla.2000). These crimes occurred on July 10, 1996, so he is entitled to reconsideration of his sentence as we have recently outlined in Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
Convictions affirmed; remanded for correction of judgment and scoresheet and for *721 reconsideration of sentencing in accordance with Heggs and Smith.
PARKER, A.C.J., and PAUL W. DANAHY, (Senior) Judge, Concur.