PER CURIAM.
The defendant appeals his sentence on a conviction for aggravated assault with a firearm as to victim Marcus Depre. He argues the trial court erred in enhancing the sentence from that allowable for a third degree felony. The State concedes and we agree — the sentence must be reversed.
The jury convicted the defendant of attempted first degree murder of Stanley Jean Baptiste, and aggravated assault with a firearm as to victim Marcus Depre. The court sentenced the defendant to life in prison with a twenty-five year mandatory minimum sentence for the attempted first degree murder, and to life in prison with a mandatory minimum sentence of twenty years for the aggravated assault with a firearm.
The defendant filed a motion to correct the sentence on the aggravated assault charge. The trial court did not rule within sixty days, thus the motion is considered denied. See Fla. R.Crim. P.3.800(b)(l)(B), (b)(2)(B).
The defendant contends, and the State correctly concedes, the trial court improperly enhanced his sentence on the aggravated assault charge as to victim Marcus Depre, either by considering the use of a firearm or the jury’s independent finding of “great bodily harm” as to the attempted murder charge of Stanley Jean Baptiste.
Aggravated assault is punishable as a third degree felony. See § 784.021, Fla. Stat. (2002). This offense may not be reclassified as a second degree felony based on the use of a firearm because the use of a firearm is an essential element of the crime. See Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978). Additionally, the court could not enhance the sentence for the aggravated assault charge based upon great bodily harm because there was no *983 independent finding that the aggravated assault resulted in “death or great bodily harm.” See § 775.087(2)(a)(3), Fla. Stat. (2002).
Accordingly, the sentence on the aggravated assault charge is reversed. The case is remanded to the trial court for correction of the illegal sentence.
GUNTHER, KLEIN and MAY, JJ„ concur.