DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GLEN W. DAVIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1868

[January 10, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Elizabeth Metzger, Judge; L.T. Case No. 472011CF000654A.

Diana L. Johnson of Johnson and Lufrano, P.A., Jacksonville, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant appeals from his conviction and sentence for aggravated assault with a firearm. We affirm the defendant's conviction on all arguments raised, without further discussion.

As to the defendant's sentence, he concedes that he was properly sentenced to twenty years in prison pursuant to section 775.087, Florida Statutes, more commonly known as the "10-20-Life" statute. *See* 775.087(2)(a)2., Fla. Stat. (2011) ("Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)1.a.-q. [which includes aggravated assault in sub-subparagraph (a)1.f.], regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a 'firearm' or 'destructive device' as defined in s. 790.001 shall be sentenced to a minimum term of imprisonment of 20 years.").

However, the defendant argues that the trial court erred in reclassifying the charge of aggravated assault with a firearm from a third degree felony

to a second degree felony based upon the use of a firearm. In support, the defendant relies upon our holding in *Strobridge v. State*, 889 So. 2d 982 (Fla. 4th DCA 2004): "Aggravated assault is punishable as a third degree felony. This offense may not be reclassified as a second degree felony based on the use of a firearm because the use of a firearm is an essential element of the crime." *Id.* at 982 (internal citations omitted).

We agree with the defendant's reliance on *Strobridge* as to the reclassification error. Based on the foregoing, although we affirm the defendant's conviction and twenty-year sentence, we remand with instructions for the trial court to correct the judgment and scoresheet to reflect the conviction for aggravated assault as a third degree felony. *See Broome v. State*, 774 So. 2d 719, 720 (Fla. 2d DCA 2000) (remanding for correction of the defendant's judgment and scoresheet where those documents "improperly reclassified his conviction for aggravated assault with a firearm from a third degree felony to a second degree felony based on the use of a firearm, which is an element of his offense.").

*Conviction and sentence affirmed; remanded for correction of judgment and scoresheet.*

LEVINE, J., and SINGHAL, RAAG, Associate Judge, concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**